OPINION
Defendant-appellant, Raameece Collier, appeals his conviction for felonious assault and related charges in the Butler County Court of Common Pleas. We affirm.
On January 15, 1995, appellant was in the bar at the American Legion Hall on Central Avenue in Hamilton. The victim, Merle Frierson, was also there with some friends, including Jermaine Boyd. At some point, the two groups joined up and a heated discussion ensued. Appellant pulled a gun, which Frierson knocked away. When appellant pulled another gun out of his other pocket, Frierson started running.
Frierson heard several shots, turned around and saw smoke coming from appellant's gun. Frierson kept running until he reached the kitchen area of the hall, where he noticed that he was bleeding and realized he had been shot. Frierson was treated for gunshot wounds to his right ankle and knee and the right and left thighs.
Appellant was arrested and charged with felonious assault, having a weapon under disability, carrying a concealed weapon, and illegal possession of a firearm in a liquor permit premises. Each count carried a specification of a prior conviction of an offense of violence and possession of a firearm during the commission of each currently charged offense.
Appellant waived his right to trial by jury and the case was tried to the bench. Appellant was found guilty on all counts and on the second specification. Appellant raises the following assignment of error on appeal:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ADMITTED INTO EVIDENCE STATEMENTS BY THE DEFENDANT THAT WERE NOT PREVIOUSLY DISCLOSED IN DISCOVERY.
At trial, Jermaine Boyd, who was with Frierson on the night of the shooting, testified as a state's witness. Boyd stated that several months after the shooting, he played in a basketball game at the community center where appellant was playing on the other team. After the game, Boyd and appellant talked. According to Boyd:
 he [appellant] just said, `I'm sorry for what I did.' He said, `* * * I'm going to have to take the blame for that.' He said that `he was sorry for what he did and he * * * wasn't going to do nothing like that again because * * * it didn't even have nothing to do with * * * neither of the people that was involved in it.' He said `I'm sorry I did it.' He said, `I wouldn't do it again.'
Appellant objected to Boyd's testimony on the ground that appellant's statements had not been provided to appellant during discovery. The trial court overruled appellant's objection and allowed the testimony.
When reviewing the propriety of discovery rulings imposed by a trial court, this court must determine whether the trial court abused its discretion. State v. Wiles (1991), 59 Ohio St.3d 71,78, certiorari denied (1992), U.S., 113 S.Ct. 99. Crim.R. 16 provides in relevant part as follows:
 (B) Disclosure of evidence by the prosecuting attorney.
(1) Information subject to disclosure.
 (a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
* * *
 (ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer[.]
In State v. Parson (1983), 6 Ohio St.3d 442, the Ohio Supreme Court held that a co-defendant's oral statement to a police officer should have been provided in response to the other defendant's request for discovery, even though the statement was not reduced to a written summary at the time of the request. In State v. Gooden (1983), 16 Ohio App.3d 153, this court found that a defendant's unrecorded oral statement to a police officer was discoverable, concluding that:
 [b]road liberal discovery contributes to the accurate determination of an accused's guilt or innocence. * * * Broad discovery is consistent with the goal of the criminal justice system to diminish any chance that an innocent man might be found guilty of a crime Further, broad discovery promotes efficient police work. (citations omitted).
There are few cases which address the issue of whether an inculpatory statement made by a defendant to a third party, who is not a law enforcement officer, is discoverable under Crim.R. 16(B)(1)(a)(ii) where the third party appears as a state's witness.
In State v. Fry (Apr. 21, 1988), Gallia App. No. 86 CA 15, unreported, cited by the state, the defendant made an inculpatory statement to a third party which was overheard by a police officer who then testified to the defendant's statement. The court classified the statement as one made to a third party, not to a law enforcement officer, and concluded that the express language of Crim.R. 16 did not require disclosure of "unsolicited inculpatory statements known to the prosecution." Id. The persuasive authority of Fry, however, is undermined by the Ohio Supreme Court's decision in State v. Bidinost (1994), 71 Ohio St.3d 449. In that case, the court classified a defendant's statement overheard by and testified to by a police officer as one made to a law enforcement officer and therefore discoverable. Id. at 455-456.
In State v. Daniel (July 22, 1983), Allen App. No. 1-82-5, unreported, the defendant made an inculpatory statement to a third party who then testified for the state. The Daniel court concluded that the defendant's statement to a third party was not discoverable under Crim.R. 16 because the statement was not written or recorded, nor was it made to a law enforcement officer.
We conclude that under Crim.R. 16, a defendant's inculpatory statement to a non-law enforcement third party who is disclosed as a witness need not be provided to the defense in discovery. We note, however, that the broader interpretation of the rule taken by the First District Court of Appeals points out the potential problems of this stance, in that allowing third-party statements to go undiscovered "would expose the rule to various abuses aimed at its circumvention by the state." State v. McGuire (Jan. 5, 1977), Warren App. No. 99, unreported. The time appears ripe for the rule to be reviewed.
Given our conclusion that the trial court did not abuse its discretion by allowing Boyd to testify to appellant's statements on the basketball court, appellant's argument is not well-taken. See Daniel, Allen App. No. 1-82-5, unreported. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.