On June 22, 1998, appellant, Robert Dusick, was charged with one count of assault in violation of R.C. 2903.13. Said charge arose from an altercation on June 13, 1997 involving one Kevin Albrecht and a tire iron.
A jury trial commenced on August 17, 1998. The jury found appellant guilty as charged. By judgment entry filed August 17, 1998, the trial court sentenced appellant to one hundred eighty days in jail, all but ninety-one days suspended.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ALLOWING THE STATE TO ADMIT AN EXHIBIT NEVER DISCLOSED IS DISCOVERY.
 I
Appellant claims the trial court erred in admitting State's Exhibit 9 (the tire iron) because it had not been disclosed to appellant under the discovery rules, Crim.R. 16. We disagree.
Appellee, the State of Ohio, concedes the actual tire iron was not disclosed pursuant to Crim.R. 16. Crim.R. 16(E)(3) governs failure to comply and states as follows:
 (3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence that material not disclosed, or it may make such other order as it deems just under the circumstances.
Undisclosed evidence can be admitted "if it can be shown that the failure to provide discovery was not willful, foreknowledge of the statement would not have benefited the defendant in the preparation of the defense, and the defendant was not prejudiced by the admission of the evidence." State v. Heinish
(1990), 50 Ohio St.3d 231, 236, citing State v. Parson (1983),6 Ohio St.3d 442. Imposition of discovery sanctions rests in the trial court's sound discretion. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 245. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellee argues although the actual tire iron was not disclosed, the fact that the weapon used by appellant was a tire iron was disclosed. The July 28, 1997 complaint mentioned the tire iron. The August 3, 1998 bill of particulars referenced the complaint. The August 3, 1998 answer to appellant's discovery request included the complaint and the police report, both mentioning the tire iron. Furthermore, appellee showed the actual tire iron to defense counsel prior to trial. T. at 34-35. Appellant never requested a continuance.
Upon review, we find no prejudice to appellant with the admission of the actual tire iron because it was clear from the complaint, the bill of particulars and appellee's discovery the weapon used was a tire iron. Furthermore, appellant did not request additional time
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. W. Scott Gwin, P.J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.