[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a ten-count indictment, defendant-appellant LeBlond Oliver was charged with offenses arising from two separate occurrences. In counts one through four, he was charged with offenses occurring on July 10, 1999: attempted murder of Kenneth Gaston, felonious assault of Gaston in contravention of R.C. 2903.11(A)(1), felonious assault of Gaston in violation of R.C. 2903.11(A)(2), and tampering with evidence. In counts five through ten, Oliver was indicted for offenses occurring on July 13, 1999: aggravated robbery of a police officer, resisting arrest, assault on a police officer, carrying a concealed weapon, having weapons under a disability, and trafficking in a counterfeit controlled substance in the vicinity of a school or juvenile. All of the charges were accompanied by firearm specifications, except those for carrying a concealed weapon and having weapons under a disability.
Following a jury trial, the trial court granted Oliver's Crim.R. 29 motion for acquittal on the charges of felonious assault of Gaston in violation of R.C. 2903.11(A)(1) and resisting arrest. The trial court also granted Oliver's Crim.R. 29 motion as to some of the specifications and that part of the charge alleging that drug trafficking had occurred near a school or a juvenile. The jury returned verdicts on the remaining counts, finding Oliver guilty of felonious assault of Gaston in violation of R.C. 2903.11(A)(2), assault on a police officer, carrying a concealed weapon, having weapons under a disability, and trafficking, but not guilty of the remaining charges. The jury also found that Oliver had used a firearm when committing the offenses of felonious assault, assault, and trafficking. Oliver was accordingly convicted of felonious assault, assault, carrying a concealed weapon, having weapons under a disability, and trafficking, and sentenced as appears of record. On appeal, he now brings forth four assignments of error, none of which we find well taken.
In his first assignment of error, Oliver contends that the trial court erred in denying his motion to sever, pursuant to Crim.R. 14, counts one through four from counts five through ten. He had sought severance of the charges because the alleged offenses arose from two distinct times and locations, and because of the potential prejudice arising from one jury hearing all the evidence and improperly giving it cumulative effect.
Pursuant to Crim.R. 8, multiple offenses may be joined in the same indictment if they are of the same or similar character, but an offender may obtain severance under Crim.R. 14 where there is prejudice in the joinder of the offenses. To prevail on appeal, Oliver must affirmatively demonstrate that his rights were prejudiced by the misjoinder; that he provided sufficient information to the trial court at the time that he moved for severance to allow the court to weigh the benefits of joinder against his right to a fair trial; and that the trial court abused its discretion by refusing to sever the charges given the information provided by Oliver.[2] In this case, Oliver did not renew his request for severance at any time during trial. If a motion to sever is not renewed, the issue is waived unless there is plain error.[3]
An alleged error constitutes plain error where the outcome of the trial would clearly have been different if the error had not occurred.[4]
Notice of plain error should be taken only in the exceptional case to avoid a miscarriage of justice.[5]
Having reviewed the record, we hold that no plain error occurred. Moreover, even if Oliver had renewed his request for severance at trial, we are unconvinced that the trial court abused its discretion, because Oliver did not affirmatively demonstrate that he was prejudiced by joinder. The evidence relating to each of the separate incidents that led to the charges against him was presented to the jury in such a way that it was easy for the jury to discern that the evidence related to separate incidents. Further, we are unpersuaded that the evidence was so confusing that the jury was not able to segregate it with respect to the two incidents because Oliver was acquitted of five of the charges. The first assignment of error is overruled.
In his second assignment of error, Oliver maintains that the trial court erred in allowing several of the state's witnesses to identify him by his jailhouse attire. It is settled law that the state cannot, consistent with the Fourteenth Amendment, compel a defendant to stand trial before a jury while dressed in identifiable prison clothes, but the defendant may choose to wear prison attire.[6]
Oliver failed to raise an objection to his attire. Having reviewed the record, which does not indicate that the state compelled Oliver to stand before the jury in his jailhouse attire, we find no evidence of plain error. The second assignment is overruled.
In the third assignment of error, Oliver challenges the trial court's refusal to answer the jury's questions relating to the definitions of attempted murder, felonious assault, aggravated robbery, and trafficking. Oliver did not object to the trial court's refusal respond; therefore, he has waived any error except plain error. Because the trial court gave proper instructions prior to the deliberations, and because there was no objection to those instructions when they were first given to the jury, the refusal to provide more detailed instructions did not amount to plain error. This assignment is overruled.
In his fourth assignment of error, Oliver argues that he was not provided with a copy of an audiotape prior to trial. He maintains that the trial court abused its discretion in allowing the prosecution to impeach him with a tape recording of a discussion that he had with the investigating police officer, which had not been disclosed during discovery.
Having provided Oliver's previous counsel, Oliver himself, and Oliver's trial counsel with a written summary of the taped statement prior to trial, the state fulfilled its duty to disclose the existence of the tape recording pursuant to Oliver's discovery request. Even if we were to hold that the state failed to disclose the tape, we are unable to conclude from the record that the trial court abused its discretion in failing to exclude the tape from evidence.
To conclude that the trial court abused its discretion by failing to exclude evidence that the state did not disclose under Crim.R. 16, we must determine whether the record demonstrates "(1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement * * *."[7] After it was discovered that Oliver's trial counsel had not reviewed the tape, a continuance was granted and counsel was able to engage effectively in redirect examination of Oliver. Further, there is nothing in the record to indicate that the state's failure to provide Oliver with access to the tape was a willful violation. The state provided Oliver's first counsel and Oliver himself with a copy of a written summary of the taped statement prior to trial, and the record indicates that Oliver's trial counsel reviewed that written summary. Under these circumstances, we overrule the fourth assignment of error.
Finally, Oliver asserts in his fifth assignment of error that he was denied his constitutional right to effective assistance of counsel during the trial. A properly licensed attorney is presumed competent, and the defendant bears the burden of demonstrating ineffective assistance. After reviewing the alleged instances of misconduct, we discern no deficiency in counsel's performance.[8] Counsel's failure to object to the answer given to the jury's questions, his failure to renew his Crim.R. 29 motion for acquittal at the close of the state's case, his failure to renew his motion for severance of the counts, and his failure to object to the introduction of an altered photographic array may well have been tactical.[9] Further, Oliver has failed to demonstrate how counsel's failure to object to that evidence and counsel's decision allowing Oliver to wear his jailhouse attire prejudiced him.[10] The fifth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[2] See State v. Schaim (1992), 65 Ohio St.3d 51, 59, 600 N.E.2d 661,668.
[3] See Crim.R. 52(B); State v. Walker (1990), 66 Ohio App.3d 518,522, 585 N.E.2d 848, 851; State v. Strobel (1988), 51 Ohio App.3d 31,33, 554 N.E.2d 916, 919.
[4] See State v. Wickline (1990), 50 Ohio St.3d 114, 120, 552 N.E.2d 913,920; State v. Long (1978), 53 Ohio St.2d 91, 272 N.E.2d 804, paragraph two of the syllabus.
[5] See State v. Long, supra, at paragraph three of the syllabus.
[6] See Estelle v. Williams (1976), 425 U.S. 501, 96 S.Ct. 1691. See, also, State v. Jones (Dec. 29, 1995), Hamilton App. No. C-950005, unreported.
[7] See State v. Parson (1983), 6 Ohio St.3d 442, 453 N.E.2d 6, syllabus.
[8] See State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus; Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064.
[9] See Strickland v. Washington, supra, at 689, 104 S.Ct. at 2065;State v. Thompson (1987), 33 Ohio St.3d 1, 10-11, 514 N.E.2d 407,417.
[10] See State v. Bradley, supra; Strickland v. Washington,supra.