OPINION
{¶ 1} Defendant-appellant John Hunter appeals his conviction from the Tuscarawas County Court of Common Pleas on one count of domestic violence in violation of R.C. 2919.25(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 14, 2001, the Tuscarawas County Grand Jury indicted appellant on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fifth degree. At his arraignment on March 14, 2001, appellant entered a plea of not guilty to the charge contained in the indictment. A trial date was subsequently set for June 26, 2001.
 {¶ 3} On June 25, 2001, the day before trial, appellee, after reviewing its responses to appellant's Crim.R. 16 discovery requests, discovered that it had failed to provide appellant with a copy of a brief statement that appellant had made to police upon arrest. Appellant, in such statement, indicated to the police that he and the victim had "only gotten into an argument and that was it" and that the victim "was imagining things." Upon the commencement of trial, appellant, both orally and in writing[1], moved the trial court to exclude appellant's statement to police since he had only received it the day before. When asked by the trial court how he was prejudiced by having received the statement the day before trial, appellant's counsel stated as follows:
 {¶ 4} "MR. LATANICH: I've had some problems with seeing Mr. Hunter. I finally did talk to him yesterday on the phone. We discussed the case. Now all of a sudden based on what was going to be my trial strategy I'm now getting a statement which is inconsistent with —."
 {¶ 5} "THE COURT: What you believed your trial strategy was going to be.
 {¶ 6} "MR. LATANICH: Yes." Transcript at 8.
 {¶ 7} After the trial court overruled his motion to exclude the statement, finding that the same did not "create any difficulties for you that are in any way in violation of Mr. Hunter's rights", appellant moved for a continuance of the trial "as an alternative method of preparing for this case and for that statement." Transcript at 9. Appellant's motion for a continuance also was overruled by the trial court.
 {¶ 8} Thereafter, following a jury trial, appellant was found guilty of domestic violence in violation of R.C. 2919.25(A). As memorialized in a Judgment Entry filed on August 22, 2001, appellant was placed on two years of supervised community control.
 {¶ 9} It is from the trial court's August 22, 2001, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 10} "THE COURT ABUSED ITS DISCRETION IN ALLOWING INTO EVIDENCE AN ALLEGED ORAL STATEMENT OF THE DEFENDANT PROVIDED IN DISCOVERY THE DAY BEFORE TRIAL.
 {¶ 11} (A) THE COURT ABUSED ITS DISCRETION IN NOT GRANTING A CONTINUANCE TO INVESTIGATE THE VERACITY OF THE ORAL STATEMENT PROVIDED TO DEFENSE THE DAY BEFORE TRIAL."
 I {¶ 12} Appellant, in his sole assignment of error, argues that the trial court abused its discretion in admitting into evidence appellant's alleged brief oral statement to the police, which was provided to appellant the day before trial. As is stated above, appellant, in such statement, allegedly told police that he and the victim had "only gotten into an argument and that was it" and that the victim "was imagining things." Appellant further contends that the trial court abused its discretion in overruling appellant's subsequent oral motion for a continuance of the trial "to investigate the veracity of the oral statement . ."
 {¶ 13} As is stated above, appellant's statement to the police was provided to appellant the day before trial only after appellee reviewed its responses to appellant's Crim.R. 16 discovery requests and discovered that the same had not been previously provided to appellant. Crim.R. 16(E)(3) states as follows:
 {¶ 14} "Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
When a discovery violation occurs, the trial court has discretion as to the appropriate sanction. See Crim.R. 16(E)(3) and State v. Scudder,71 Ohio St.3d 263, 268, 1994-Ohio-298, 643 N.E.2d 524.
 {¶ 15} In State v. Heinish (1990), 50 Ohio St.3d 231,553 N.E.2d 1026 the Ohio Supreme Court held "that upon the state's failure to provide discovery in compliance with Crim.R. 16(E)(3), the testimony of the undisclosed witness can be admitted if it can be shown that the failure to provide discovery was not willful, foreknowledge of the statement would not have benefitted the defendant in the preparation of the defense, and the defendant was not prejudiced by the admission of the evidence." Id. at 236, citing State v. Parson (1983), 6 Ohio St.3d 442,445-446, 453 N.E.2d 689, 692. The same three part test also applies for determining whether a trial court has abused its discretion in admitting other evidence that was not properly disclosed by the State under Crim.R. 16 but was admitted at trial. See, Scudder, supra.
 {¶ 16} Upon our review of the record, we find that the trial court did not abuse its discretion in allowing appellant's alleged statement to police to be used at trial. There is no evidence in the record that appellee's failure to provide the same to appellant until the day before trial was willful. Once appellee realized that it had not provided the statement to appellant, it promptly sent the same to appellant[2]. In addition, appellant has failed to demonstrate how the information contained in the statement would have benefitted him in preparation of his defense. As appellee notes in its brief, appellant had the statement the day prior to trial and, therefore, could have modified his defense accordingly in order to deal with the statement. Furthermore, there is no evidence that appellant was prejudiced by the late receipt of the statement. As is stated above, at the trial in this matter, when asked how he was prejudiced by the late receipt of the statement, appellant's counsel responded as follows:
 {¶ 17} "MR. LATANICH: I've had some problems with seeing Mr. Hunter. I finally did talk to him yesterday on the phone. We discussed the case. Now all of a sudden based on what was going to be my trial strategy I'm now getting a statement which is inconsistent with —."
Transcript at 8. In short, we find that appellant has failed to elucidate how earlier knowledge of the statement would have benefitted his defense. By his own admission, defense counsel had trouble contacting appellant and finally spoke to him by telephone only the day before trial. Furthermore, we note that, at the trial in this matter, appellant took the stand and testified that, on the day in question, he grabbed the victim herein during an argument over money and "drug her towards the door, opened the door, threw her out." Transcript at 148. Appellant further testified, during questioning by the trial court, that he "shoved" the victim out the door. Id. We find, that such testimony is not inconsistent with appellant's statement to the police that he and the victim had "only gotten into an argument and that was it." Appellant, therefore, was not prejudiced by the late receipt of the statement to the police.
 {¶ 18} While appellant further contends that his statement to police should not have been admissible since he did not have the ability to determine whether the statement was voluntarily made or made after Miranda warnings were given, at trial, the arresting officer who took the subject statement testified that he read appellant his Miranda rights and that appellant agreed to speak with him. We find that appellant was, therefore, not prejudiced by admission of the same.
 {¶ 19} Appellant further maintains that the trial court abused its discretion when, after overruling appellant's motion to exclude regarding appellant's statement to police, it then overruled appellant's motion for a continuance of the trial "as an alternative method of preparing for this case and for that statement." Transcript at 9. The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When determining whether the court's discretion to grant a continuance has been abused, a reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the moving party. State v. Scott (Dec. 28, 2001), Stark App. No. 2001CA 00004. In Unger, the Supreme Court of Ohio pronounced an objective test which "balances the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice to the defendant * * *" to determine whether a motion for continuance should be granted. In re Kriest (Aug. 6, 1999), Trumbull App. No. 98-T-0093, at 3, citing Unger, supra. at 67. In evaluating a motion for a continuance, a trial court should consider, inter alia, the length of the delay requested; the inconvenience to the litigants, witnesses, opposing counsel, and the court; and whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived. Id. at 67-68.
 {¶ 20} We find that the trial court did not abuse its discretion in overruling appellant's motion for a continuance since such decision was not arbitrary, unconscionable or unreasonable. As is stated above, appellant was not prejudiced by the late receipt of appellant's brief statement to the police since he had the same the day before trial and, therefore, could have tailored his trial strategy accordingly.
 {¶ 21} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 22} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.
By Edwards, J., Hoffman, P.J. and Gwin, J. concur.
[1] Appellant filed a Motion to Exclude such statement on June 26, 2001.
[2] Appellee stated on the record as follows in explaining why the statement had not previously been provided to appellant:
 "MR. STEPHENSON: That's the only statement I found relevant when I reviewed the reports yesterday afternoon. I looked at them last Wednesday and instructed my assistant to fax that portion to Gerry [defense counsel] and I marked oral statement. Yesterday at my private office I'm tearing this file apart and I see that there's no letter. I don't know whether Tina didn't send it out or Gerry didn't get it so I had my secretary in my private office send it again to Gerry to make sure he'd gotten it. We're talking two, three lines." Transcript at 7-8.