THE STATE OF OHIO, APPELLEE, *v.* PARSON, APPELLANT.

[Cite as State *v.* Parson (1983), 6 Ohio St. 3d 442.]

(No. 82-601—Decided September 7, 1983.)

Mr. *Simon L. Leis, Jr.*, prosecuting attorney, and Mr. *William E. Breyer,* for appellee.

Messrs. *Frost, Freytag & Hunter* and Mr. *Warren M. Enders,* for appellant.

J. P. Celebrezze, J.

I

Appellant's first proposition of law is a challenge predicated upon Crim. R. 16 relating to the regulation of discovery in criminal trials. That rule provides, in relevant part, as follows:

"(A) Demand for discovery. Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided.

"(B) Disclosure of evidence by the prosecuting attorney.

"(1) Information subject to disclosure.

"(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

"* * *

"(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer; * * *."

In this case, appellant filed a demand for discovery on February 3, 1981, requesting, among other information, written summaries of any oral statements made by him or his co-defendant. The appellee's response stated that neither individual had made any statements, written or oral, to law enforcement officials.

During the appellee's presentation of its case in chief, however, police officer Richard Salmon attempted to testify concerning certain remarks made to him by James Neeley on January 23, 1981. Apparently, Neeley had told the officer that he could not have been involved in the McAdory incident because he was helping a friend or relative move on that date. Upon investigation, Salmon discovered this alibi to be false.

Both appellant and Neeley moved to strike this testimony on the basis that Neeley's statements had not been disclosed in response to the defense's demand for discovery. The trial court granted the motion and instructed the jury to disregard Salmon's testimony.

Appellant proceeded to present his defense which consisted of the testimony of two alibi witnesses — his girlfriend and sister-in-law. Both women claimed that Parson was ill on the day of the McAdory incident. Further, both stated that Neeley had visited Parson intermittently during the day. At this point, the state recalled officer Salmon as a rebuttal witness. The court over objection allowed the officer to testify concerning Neeley's prior remarks.

Appellant now asserts that the trial court erred in admitting this testimony as the state failed to comply with the provisions of Crim. R. 16.

Appellant further asserts that the admission of the testimony was highly prejudicial to his case in that it tended to conflict with and cast doubt upon his own alibi evidence. Upon careful consideration of Crim. R. 16 in light of the circumstances presented herein, we find this argument to be without merit.

We agree with the appellant that the statement at issue was properly discoverable despite the fact that it was introduced as rebuttal evidence, see *State* v. *Howard* (1978), 56 Ohio St. 2d 328, 333 [10 O.O.3d 448], and may have not been actually reduced to a written summary prior to the demand for its disclosure. *United States* v. *Lewis* (C.A.D.C. 1975), 511 F. 2d 798. However, we are unable to agree that the admission of such statement constitutes a basis for reversal in this case.

Crim R. 16(E)(3) provides for various remedies to be applied in the event that a party fails to provide the discovery information required under the rule. That section states:

"Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

It is readily apparent that under this rule, the trial court is vested with a certain amount of discretion in determining the sanction to be imposed for a party's nondisclosure of discoverable material. The court is not bound to exclude such material at trial although it may do so at its option. Alternatively, the court may order the noncomplying party to disclose the material, grant a continuance in the case or make such other order as it deems just under the circumstances. Accordingly, our inquiry is limited to a determination of whether the trial court's action in this case constituted an abuse of discretion. *State* v. *Weind* (1977), 50 Ohio St. 2d 224, 235 [4 O.O.3d 413]; *State* v. *Edwards* (1976), 49 Ohio St. 2d 31, 42 [3 O.O.3d 18].

We are unable to find an abuse of discretion in this case. First, there is nothing in the record below to indicate that the state's failure to disclose was a willful violation of Crim. R. 16 or anything other than a negligent omission on its part. See *State* v. *Edwards, supra.* Second, the appellant has not demonstrated, or even alleged, how foreknowledge of the nondisclosed statement would have benefited him in the preparation of his defense. It is noteworthy that at the time the evidence was admitted, no request for a continuance or other remedy was made by appellant. See *State* v. *Howard, supra.* Also, the record is clear that by the time the disputed evidence was admitted on rebuttal, appellant was well aware of its existence and if he were able, could have countered its effect. Finally, although the police officer's testimony may have harmed Neeley, its prejudicial effect upon appellant was not demonstrated. See *State* v. *Cooper* (1977), 52 Ohio St. 2d 163, 177 [6 O.O.3d 377]. Appellant's defense was that he was home all day and was

visited by his co-defendant several times. This alibi was in no way contradicted by Salmon's testimony.

Accordingly, appellant's first proposition of law is rejected.

## II

Appellant's second proposition of law is based upon R.C. 2941.25 (A), Ohio's multiple count statute. That section provides that where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, he may be convicted of only one. An exception to this rule is contained in R.C. 2941.25 (B), which provides that even though a defendant is charged with allied offenses of similar import, he may be convicted of them all where his conduct results in offenses which were committed separately or with a separate animus as to each. *State v. Logan* (1979), 60 Ohio St. 2d 126, 129 [14 O.O.3d 373].

In this case, appellant asserts that "theft," as defined by R.C. 2913.02 (A), is an allied offense of similar import to both aggravated burglary, R.C. 2911.11 (A), and aggravated robbery, R.C. 2911.01 (A). As such, he asserts that the trial court erred in finding him guilty of theft in addition to the two greater charges.

We find this proposition of law to be meritorious only in part. In the recent case of *State v. Mitchell* (1983), 6 Ohio St. 3d 416, this court held that the elements of aggravated burglary and theft do not correspond to such a degree as to constitute allied offenses of similar import. Accordingly, this portion of appellant's argument must be rejected.

Conversely, this court has held that theft is an allied offense of similar import to aggravated robbery, in that theft does not require the proof of any element not required to be proved for the offense of aggravated robbery. *State v. Johnson* (1983), 6 Ohio St. 3d 420. Moreover, we find under the facts of this case that the appellant did not commit these two offenses separately or with a separate animus as to each under R.C. 2941.25 (B). Accordingly, the conviction for the lesser offense of theft cannot stand.

Based upon the foregoing, the judgment of the court of appeals is reversed as to the conviction and sentence for theft, and affirmed in all other respects.

*Judgment affirmed in part*
*and reversed in part.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

W. BROWN, J., dissents.

WILLIAM B. BROWN, J., dissenting. While I would agree with the majority's position that the statement at issue was discoverable pursuant to Crim.

R. 16, I disagree with the majority's conclusion that the failure to comply with Crim. R. 16 in this case was nonprejudicial to the rights of the appellant herein.

Appellant's entire defense rested on a credible alibi. The extrajudicial statement of appellant's co-defendant, which the state wrongfully failed to disclose, bore directly on the credibility of appellant's alibi defense. If the defense had known of this statement, as the majority holds it should have, and of its potential for admission prior to the commencement of the trial, it may well have changed the entire posture of its defense strategy.

Under the facts of this case, "* * * prohibit[ing] the * * * [state] from introducing in evidence the material not disclosed * * *" as provided for in Crim. R. 16 (E)(3) is the only viable sanction.