[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Erie County Court, Milan, Ohio, wherein appellant, Bryan K. Dority, was convicted of obstructing official business and failing to stop after an accident for the exchange of identification and vehicle registration. Appellant asserts the following assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION IF [SIC] FAILING TO DECLARE A MISTRIAL WHEN THE DEFENDANT NOTWITHSTANDING A REQUEST FOR DISCOVERY INCLUDING A LIST OF ALL WITNESSES AND, ANY STATEMENTS OF THE DEFENDANT AND ALL EVIDENCE FAVORABLE TO THE DEFENDANT INTRODUCED TESTIMONY OF A NOT PREVIOUSLY IDENTIFIED [SIC] AND DISCLOSED STATEMENTS MADE BY THE DEFENDANT TO LAW ENFORCEMENT OFFICERS AND EVIDENCE IN THE FORM OF A STOLEN VEHICLE REPORT THAT CONSTITUTED CLEAR VIOLATIONS OF THE STATES DUTY TO PROVIDE SUCH INFORMATION PRIOR TO THE COMMENCEMENT OF TRIAL. THE TRIAL COURT, IN SO DOING DENIED THE DEFENDANT EFFECTIVE ASSISTANCE OF COUNSEL AND THE SURPRISE VISITED UPON THE DEFENDANT CONSTITUTED A CLEAR VIOLATION OF THE DEFENDANTS RIGHTS TO DUE PROCESS."
Bruce Taggart testified that on August 9, 1996, he was driving on State Route 4 in Erie county when two cars passed him at a high rate of speed. Taggart watched as the driver of a gold car leaned out of his window and shook his fist at the driver of a gray car. The gold car then swerved in front of the gray car. To avoid colliding with the two cars, Taggart braked and swerved into someone's front yard. The gray car struck the gold car, spun around and hit Taggart's vehicle. Taggart's wife, Theresa, and their two young daughters sustained minor injuries. After making sure his passengers were not seriously injured, Taggart turned his attention to the other drivers. He looked at the driver of the gold car. Taggart testified that the second they had eye contact, the driver began to pull away. Taggart rolled down his window and yelled at the driver to stay where he was. As the driver continued to pull away, Taggart began to unsuccessfully pursue him on foot.
Sergeant Robert Warner of the Ohio State Highway Patrol arrived on the scene minutes later. After talking to Taggart, he immediately headed in the direction of the gold car. Warner testified that it was a common route taken by people traveling to Bellevue so he alerted local authorities to watch for a gold car. Deputy Bill Arthur testified he was driving through an intersection when he spotted a gold, parked car fitting the description of the one involved in the accident. The car was parked in front of a garage. Upon further inspection, Deputy Arthur saw the car had a broken taillight. The warmth of the car's hood led Arthur to believe the car had recently been driven. Broken vehicle parts left at the scene of the accident matched the parked, gold car. Ron Dority approached Arthur and explained that appellant, his son who was not home, owned the car.
Later that evening, appellant talked to Trooper Field of the Ohio State Highway Patrol. Appellant denied being involved in the accident with Taggart. Appellant claimed that at the time of the accident he was in Fremont, Ohio. Appellant also claimed that someone stole his car, damaged it and returned it to his residence the same day.
After hearing testimony from three law enforcement officers, two accident victims, appellant and several of his family members, the jury found appellant guilty of obstructing official business, a violation of R.C. 2921.31, and failing to stop after an accident, a violation of R.C. 4549.02. On appeal, appellant contends the trial court abused its discretion in failing to grant his motion for a mistrial. Appellant's basis for a mistrial was the state's failure to disclose favorable evidence.
Generally, a motion for a mistrial pursuant to Crim.R. 33 is within the sound discretion of the trial court and will not be reconsidered on appeal unless there is an abuse of discretion.State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. The Ohio Supreme Court in State v. Joseph (1995),73 Ohio St.3d 450, stated: "Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect. State v. Parson (1983), 6 Ohio St.3d 442,445,. See, also, State v. Moore (1988), 40 Ohio St.3d 63, 66." Appellant does not contend the prosecution wilfully withheld exculpatory materials. Rather, appellant contends that the prosecution's failure to disclose certain materials before trial had a prejudicial effect on his defense.
First, appellant contends he was prejudiced when the prosecution failed to provide him with reports from the Erie County Sheriff's office. Specifically, appellant contends he was prejudiced in that the reports contained his exculpatory statements that his car had been stolen. This argument is without merit. While the sheriff's reports should have been turned over to appellant in response to his discovery request, he suffered no prejudice as the same statements were contained in the Highway Patrol reports that were properly delivered to appellant.
Appellant next contends his defense was prejudiced when the state, prior to the date of trial, failed to give him crucial information regarding a photo line-up. Deputy Robert Lippert testified that on September 27, 1996, he compiled a photo array of six men. One of the photos was appellant. The other five photos were of men resembling appellant. Theresa and Bruce Taggart were brought into the same room. They each separately identified appellant as the man driving the gold car. The record shows that appellant filed a motion to compel information of the photo array. Before the trial began, appellant's counsel, on the record, agreed to withdraw his motion to compel in that all issues with respect to the motion had been "satisfied." We therefore conclude that appellant has waived any error regarding the photo array.
Finally, appellant contends the prosecutor engaged in misconduct in closing argument when she alleged that appellant lied to the officers about his stolen car. Appellant has also waived this error as he did not object to the comment. Finding no abuse of the court's discretion in denying appellant's motion for a mistrial, this sole assignment of error is found not-well taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court, Milan, Ohio, is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.