OPINION
On October 17, 2001, the Muskingum County Grand Jury indicted appellant, Kenneth Merriman, on one count of trafficking in drugs (crack cocaine) in violation of R.C. 2925.039(A)(1). A jury trial commenced on January 15, 2002. The jury found appellant guilty. By judgment entry filed March 22, 2002, the trial court sentenced appellant to ten months in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I "THE TRIAL COURT ERRED BY PERMITTING THE TESTIMONY OF THE STATE'S WITNESS WHICH WAS PREJUDICIAL TO THE APPELLANT, WHEN SUCH WITNESS WAS WILLFULLY NOT DISCLOSED TO THE APPELLANT UNDER CRIMINAL RULE 16."
 I
Appellant challenges the trial court's decision to permit the testimony of an undisclosed witness for the state. Appellant claims the trial court erred in not excluding the testimony. We disagree.
On October 23, 2001, the state provided discovery to appellant, naming two individuals as potential witnesses, Detective Mark Lenhart and Detective James Jones. On January 11, 2002, the state filed supplemental discovery, naming Gregory Kiddon from BCI as a potential witness. During the trial, the state called Detective Charles Mauller, an evidence technician. Defense counsel objected on the basis of surprise. The trial court overruled the objection and permitted the testimony.
Crim.R. 16 governs discovery and inspection. Subsection (E)(3) states as follows:
 "Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
Pursuant to said section, trial courts have discretion in fashioning appropriate remedies for discovery violations. State v. Parson (1983),6 Ohio St.3d 442. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
Appellant argues the failure to identify the evidence technician, called to establish the chain of custody, was a willful action on the part of the state and exclusion was mandatory.
As noted, the trial court has the duty to determine if the omission of Detective Mauller's name was willful or neglectful. The state concedes the witness was not disclosed, but argues the failure was an inadvertent omission, the witness was merely a chain of custody witness as evidenced by the testimony and the omission did not unduly prejudice appellant as defense counsel had an adequate opportunity to cross-examine the witness on State's Exhibit 1 (bag containing rocks of crack cocaine). T. at 175-176, 179, 184. The state also points out defense counsel was given the right to interview the witness prior to him testifying, but chose not to. T. at 184-185. We note an offer to voir dire the witness was made, but by the state, not the trial court. Id.
On the other hand, appellant argues the number of crack cocaine rocks was an issue in his case. Appellant attempted to attack the credibility of the undercover buying officer, Detective Lenhart, by claiming the officer smoked some of the cocaine appellant purchased and sold to him. T. at 137, 144-145.
From our review of the testimony presented, we fail to find any error in the trial court's decision. Detective Mauller received the evidence from Detective Jones who received it from Detective Lenhart. Detective Mauller did not count the rocks, but merely secured them, transported them to BCI for testing and re-secured them on their return. T. at 175-176. There was no showing of a willful omission by the state, and the value of Detective Mauller's testimony was minimal to the facts necessary for conviction.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
FARMER, P.J., EDWARDS, J., and BOGGINS, J., concur.