OPINION
{¶ 1} Appellant, Matthew S. Eckliffe, appeals from the May 24, 2001 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} Appellant was indicted on three counts on October 16, 2000. Count One alleged that appellant had sold .71 grams of a substance containing crack cocaine, a violation of R.C. 2925.03 and a felony of the fifth degree. Counts Two and Three alleged that appellant had, on separate occasions, sold more than one gram, but less than five grams, of a substance containing crack cocaine, violations of R.C. 2925.03 and felonies of the fourth degree. The three counts of the indictment were related to three sales of crack cocaine that the state alleged appellant made to a confidential informant ("the Informant"), on December 15, 16, and 17, 1999.
 {¶ 3} A jury trial was held on February 27, 2001. The jury returned a verdict of guilty on Counts One and Two, and not guilty on Count Three. In its May 24, 2001 judgment entry, the trial court sentenced appellant to twelve months on Count One and eighteen months on Count Two, with the sentences to run concurrent with each other, and concurrent with Lake County Common Pleas Court Case Number 00-CR-000517.
 {¶ 4} Appellant has filed a timely appeal and makes the following two assignments of error:
 {¶ 5} "[1.] Appellant's right to a fair trial was violated by the prosecutor's failure to comply with [Crim.R.] 16.
 {¶ 6} "[2.] Whether the trial court erred and abused its discretion in sentencing [appellant] [t]o a stated term of twelve months on Count One and eighteen months on Count Two."
 {¶ 7} In his first assignment of error, appellant contends that the prosecution did not comply with Crim.R. 16 and that this failure was prejudicial to him; therefore, his conviction should be overturned. In connection with this assignment of error, appellant alleges that the prosecution failed to: (1) identify a confidential informant who testified at trial; (2) disclose that the informant received $50 for participating in a series of controlled buys from appellant; and (3) reveal that the informant had engaged in the controlled buys in return for a promise on the part of the state to reduce or dismiss charges against the informant.
 {¶ 8} With respect to the allegation that the prosecution failed to identify a confidential informant, Crim.R. 16(B)(1)(e) provides: "*** Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. Names and addresses of witnesses shall not be subject to disclosure if the prosecuting attorney certifies to the court that to do so may subject the witness or others to physical or substantial economic harm or coercion. ***"
 {¶ 9} In the instant matter, the prosecution fully complied with the mandate of Crim.R. 16(B)(1)(e). On October 27, 2000, the prosecution filed a "Notice of Discovery by State of Ohio and Request for Reciprocal Discovery." Attached to that notice was a list of witnesses the state could have called at trial. This list included confidential informants 526 and 527, one of which was the Informant. In response, appellant filed a Motion to Compel Discovery on December 5, 2000. In that motion, appellant requested the names and addresses of all of the state's potential witnesses. In the "State's Response to [Appellant's] Motion to Compel Discovery" filed on January 4, 2001, the prosecution informed appellant that confidential informants 526 and 527 were paid a total of $50 for their participation in the three controlled buys involving appellant. On the same date, the prosecution filed the "State's Certification Regarding Certain Witnesses," which stated that confiidential informants 526 and 527 could be subject to physical or substantial economic harm if their names and addresses were revealed. The state's certification further noted that "[t]hese Confidential Informants [had] been involved in a number of cases with the Lake County Narcotics Agency. These cases [were] in various stages of prosecution, involving a number of different defendants. The nature of these cases [were] drug related, thus inherently dangerous."
 {¶ 10} Appellant never challenged the state's certification at the trial level. He never requested a hearing to determine if the confidential informants were subject to physical or economic harm, and the trial court never addressed the validity of the state's certification. Once the prosecution certified that revealing their identities would endanger the confidential informants, it was in compliance with Crim.R. 16(B)(1)(e), and the burden shifted to appellant to challenge the certification. Further, there was no error on the part of the trial court, because the issue was never brought to the court's attention by appellant. Consequently, there is no merit to appellant's suggestion that the prosecution failed to comply with Crim.R. 16(B)(1)(e).
 {¶ 11} In regard to appellant's contention that the state never informed him that the Informant received $50 in return for participating in the three controlled buys, as we previously noted, the "State's Response to [Appellant's] Motion to Compel Discovery" explicitly stated that such a payment was made.
 {¶ 12} Finally, appellant posits that the prosecution failed to inform him of the fact that the Informant had made a deal with the prosecutor to reduce or dismiss charges in return for her cooperation with the Lake County Narcotics Agency ("LCNA"). At trial, the Informant testified that "I, we were arrested and they asked us if, you know, if we would be willing to help them they wouldn't send us to jail, we can go home, we can leave, I have children so I left." After hearing this testimony, appellant's counsel informed the trial court that the prosecution had not revealed the details of the deal between LCNA and the Informant. Appellant's counsel did not object to the testimony, nor did he request a continuance in order to prepare for cross-examination. Nevertheless, the trial court "overruled" his implied objection.
 {¶ 13} Through the subsequent testimony of the Informant and Jennifer Carson ("Carson"), a special agent with LCNA, the nature of the deal between the confidential informant and LCNA was clarified; the charges against the Informant were still pending at the time of appellant's trial, but when she had completed her work for LCNA to its satisfaction, LCNA would give her a positive recommendation.
 {¶ 14} Crim.R. 16(B)(1)(f) provides: "Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. ***" The Informant was a key witness for the prosecution, and the favorable recommendation she was to receive in return for her cooperation affected her credibility as a witness. See State v. Joseph (1995), 73 Ohio St.3d 450, 458. Therefore, we conclude that information concerning the deal between LCNA and the confidential informant was properly discoverable.
 {¶ 15} Such a prosecutorial violation is reversible only when the record demonstrates that "(1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." Id. citing State v. Parson
(1983), 6 Ohio St.3d 442, 445.
 {¶ 16} With respect to the first prong of the Parson test, we conclude that the prosecution's failure to disclose the deal was willful. There is no assertion in the state's brief that it did not know of the deal between LCNA and Cover. Further, it is evident from the record that the prosecution never informed appellant's counsel prior to trial that the Informant would receive a favorable recommendation in return for cooperating with LCNA. The fact that the prosecution elicited testimony concerning the deal at trial does not remedy its failure to disclose prior to trial material information requested by appellant in the course of discovery.
 {¶ 17} However, appellant has not shown that the prosecution's violation of Crim.R. 16 meets the second and third prongs of the Parson
test. Appellant's counsel had the opportunity to and did cross-examine the Informant on the details of her deal with LCNA; and, appellant has not indicated how he would have benefited in the preparation of his defense had the details of the deal been revealed earlier.
 {¶ 18} Further, Crim.R. 16(E)(3) provides: "*** [i]f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule *** the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed ***." If appellant's counsel was unprepared to cross-examine the Informant regarding her deal with LCNA, he should have requested a continuance from the trial court in order to prepare his cross-examination. When a prosecutorial violation of Crim.R. 16 could be easily remedied by the trial court, the defendant cannot let the trial proceed to its conclusion without voicing an appropriate objection, and then seek relief on appeal, at which point the only remedy would be a reversal.
 {¶ 19} Finally, we cannot discern any prejudicial effect to appellant as a result of the prosecutorial violation. The fact that the Informant cut a deal with LCNA was fully disclosed at trial, and the jury had the opportunity to consider this information in determining her credibility.
 {¶ 20} For the foregoing reasons, we conclude that appellant's first assignment of error is without merit.
 {¶ 21} In his second assignment of error, appellant contends that the trial court erred in sentencing him to prison on Count One, and erred in giving him the maximum sentence on Counts One and Two.[1]
 {¶ 22} Count One of the indictment charged appellant with trafficking in cocaine, which is a violation of R.C. 2925.03(C)(4)(a), a felony of the fifth degree. In the event of a violation of R.C.2925.03(C)(4)(a), R.C. 2929.13(C) applies in determining whether to impose a prison term on the offender. R.C. 2929.13(C) provides that "in determining whether to impose a prison term as a sanction for a *** felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."
 {¶ 23} When a determination as to imprisonment for an offense is subject to R.C. 2929.13(C), the following considerations are relevant: the seriousness and recidivism factors identified in R.C. 2929.12; the criteria for imprisonment set forth in R.C. 2929.13(B)(1); and, the conservation of resources principles in R.C. 2929.13(A). Griffin and Katz, Ohio Felony Sentencing Law (2002), 646, Section 6.10. However, there is no requirement that the trial court give its reasons for imprisoning an offender for a drug offense covered by R.C. 2929.13(C).Id.
 {¶ 24} Here, the trial court considered the following: the factors set forth in R.C. 2929.12(B) indicating that the offender's conduct is more serious than conduct normally constituting the offense; the factors listed in R.C. 2929.12(C), indicating that the offender's conduct is less serious; the factors identified in R.C. 2929.12(D) indicating the likelihood of recidivism; and, the factors contained in R.C. 2929.13(B)(1), which would suggest that prison is appropriate.
 {¶ 25} The trial court found that R.C. 2929.12(B)(7) and R.C.2929.13(B)(1)(e) were applicable to appellant because he committed the offense as part of an organized criminal activity. The term "organized criminal activity" is not defined in R.C. Chapter 29. However, the Sixth Appellate District has held that "drug trafficking by its very nature is part of an organized criminal activity in that the seller must obtain the drugs from a supplier and is only one link in a long chain of illegal activity." State v. Martinez (Feb. 22, 2002), 6th Dist. No. WD-01-027, 2002 WL 255499, at 6. Applying this logic to the facts of the case before it, the Martinez court concluded that the defendant's conduct in purchasing drugs from three people and selling drugs to five people over a three year period supported the trial court's finding of organized criminal activity. Id.
 {¶ 26} Griffin and Katz, supra, at 61, have noted that "it would seem that only when an essential element of the offense that is also alisted factor under [R.C.] 2929.12(B) is present to a higher degree thannormal should the presence of [that] factor increase the penalty." (Emphasis added.) Because virtually every street level drug deal involves some element of organized criminal activity, we presume that the legislature considered the element of organized criminal activity inherent in trafficking in cocaine when it determined that said offense was a felony of the fifth degree. We agree with the Sixth Appellate District that, by its very nature, trafficking in cocaine denotes participation in organized criminal activity. Nevertheless, we determine that the trial court should make findings that support a conclusion that a particular trafficker's involvement in organized criminal activity is greater than normal for someone engaged in the street sale of illicit drugs. It is inappropriate for the court to find that an offender's participation in organized criminal activity inherently involved in any level of trafficking would be sufficient to make his offense more serious than normal.
 {¶ 27} Applying the foregoing analysis to the facts of the case at hand, there is nothing in the record in this case that suggests that appellant's participation in organized criminal activity was any greater than that inherent in the street trafficking of cocaine. Appellant appears to have acted independently without accomplices. Also, the amount of cocaine involved was relatively small. A streetwise commentator might well describe him as a tadpole among the sharks, which constitute the hard core of organized crime.
 {¶ 28} The state also refers to the fact that appellant was convicted in a separate case of trafficking in cocaine, for which sentencing was pending at the time of the instant proceedings and the amount of cocaine involved was 188.66 grams. However, there is no reference to the specific facts of that case contained in the record before us. While appellant's counsel mentioned, at the sentencing hearing for the case sub judice, that sentencing for the other matter was pending, there was no reference in the pre-sentence investigation, or the sentencing hearing as to the nature and seriousness of the other offense. Therefore, the amount of cocaine involved in the other offense could not have properly been considered by the trial court in sentencing appellant in the instant matter.
 {¶ 29} In sum, we conclude that the trial court's references to organized criminal activity contained R.C. 2929.12(B)(7) and R.C.2929.13(B)(1)(e) in the sentencing of appellant were inappropriate. However, the trial court's erroneous finding on this issue does not affect the validity of its judgment entry because, as stated previously, no findings or reasons are required to impose a prison sentence under R.C. 2929.13(C).
 {¶ 30} Additionally, the trial court made findings that factors indicative of a likelihood of recidivism identified in R.C. 2929.12(D)(3), (4), and (5) were present, including: appellant's nine traffic convictions, which demonstrated that appellant had not responded favorably to sanctions previously imposed for criminal convictions; appellant's lack of genuine remorse; and, appellant's five-year history of drug and alcohol abuse. Therefore, the trial court did not commit reversible error in finding that imprisonment was an appropriate sanction for appellant's conviction on Count One of his indictment.[2]
 {¶ 31} The next issue we must address is whether the trial court made the necessary findings to support the imposition of maximum sentences on both counts. Appellant was convicted of a fifth degree felony, Count One, and a fourth degree felony, Count Two. The maximum sentences for fourth and fifth degree felonies are eighteen and twelve months, respectively. R.C. 2929.14(A)(4). (5). In the case sub judice, the trial court imposed the maximum sentence on both counts.
 {¶ 32} R.C. 2929.14(C) states that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense *** only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders ***, and upon certain repeat violent offenders ***." (Emphasis added.) Here, the trial court found that appellant committed the worst form of the offense.
 {¶ 33} Pursuant to R.C. 2929.19(B)(2)(d), "[i]f the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense ***", the court must make a finding that gives its reasons for imposing the maximum term. In the instant matter, we are unable to discern the reasoning by the trial court that would support a finding that appellant committed the worst form of the offense. While the trial court found that appellant had engaged in organized criminal activity, we have already considered and rejected the trial court's conclusion that the extent of appellant's participation in organized criminal activity made either of the two offenses at issue here more serious than the typical street trafficking offense, much less the worst form of the offense. In the absence of other findings in the record that would support a determination that appellant committed the worst form of the offense, we conclude that the trial court has failed to comply with R.C. 2929.19(B)(2)(d) and erred in imposing the maximum sentence on appellant for the two offenses for which he was sentenced.
 {¶ 34} For the foregoing reasons, the judgment entry of the Lake County Court of Common Pleas is reversed, and this matter is remanded for resentencing.
JUDITH A. CHRISTLEY and ROBERT A. NADER, JJ., concur.
[1] The trial court stated in its judgment entry that Count Two was subject to a mandatory prison term pursuant to R.C. 2929.13(F). This statement was erroneous. R.C. 2929.13(F)(5) provides that the sentencing court shall impose a prison term for "[a] first, second, or third degree felony drug offense for which section *** 2925.03 *** requires the imposition of a mandatory term. In this case, Count Two was a fourth degree felony; therefore, R.C 2929.13(F)(5) was inapplicable.
[2] Appellant's conviction on Count Two was for selling 2.2 grams of crack cocaine. Pursuant to R.C. 2925.03(C)(4)(c), there is a presumption of a prison term for a conviction involving trafficking in crack cocaine in excess of one gram. Therefore, the issues raised with respect to Count One and the appropriateness of a prison term are not applicable to Count Two.