DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the October 25, 2002 judgment of the Ottawa County Court of Common Pleas which sentenced appellant, Douglas Slag, following his jury conviction of four counts of criminal non-support in violation of R.C. 2919.21(A)(2) and two counts of criminal non-support in violation of R.C. 2919.21(B). Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "I. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused it's discretion in sentencing appellant to a term of imprisonment rather than sentencing him to community control sanctions.
 {¶ 3} "II. The trial court committed prejudicial error and abused it's discretion in admitting into evidence a letter written by appellant to his daughter, Brandi Slag."
 {¶ 4} Appellant was charged with failing to support his two children from July 1, 1994, through June 30, 1996. Following a jury trial appellant was convicted of all of the counts, two felonies of the fourth degree and four felonies of the fifth degree. Appellant was sentenced to six months imprisonment on each count, and the sentences were to be served concurrently.
 {¶ 5} In his first assignment of error, appellant argues that the trial court erred by sentencing him to a term of imprisonment rather than to community control sanctions.
 {¶ 6} R.C. 2929.11(A) provides that in felony sentencing, the trial court must determine the appropriate sanction or sentence to be imposed based upon a consideration of the need to protect the public from future crime and the need to punish the defendant. Unless the trial court is required by law to impose or is precluded from imposing a specific sanction, it generally has the discretion to impose any sanction or sentence except that which would impose "* * * an unnecessary burden on state or local government resources." R.C. 2929.13(A).
 {¶ 7} Before the court could sentence appellant in this case on the fourth and fifth degree felonies, it was required to consider if any of the factors of R.C. 2929.13(B)(1) were applicable. The only possible applicable factor in this case is R.C. 2929.13(B)(1)(a), which provides as follows: "In committing the offense, the offender caused physical harm to a person."
 {¶ 8} While the court found it could make "a good argument * * * the Defendant in fact did physical harm to persons, his daughter," it could only conclude that he caused psychological harm. Because psychological harm is not physical harm, the court could not find that any of the factors of R.C. 2929.13(B)(1) were applicable in this case. Furthermore, the court also found that appellant was not amenable to a community control sanction because he lives in Alaska.
 {¶ 9} Therefore, the court was not required to sentence appellant to a prison term or community control sanction under the requirements of R.C. 2929.13(B)(2). Rather, the court had the discretion to impose whatever sentence it deemed appropriate to protect the public and punish the defendant, as long as the sentence did not unnecessarily burden state or local government resources. R.C. 2929.13(A) and State v. Halgrimson
(Nov. 8, 2000), 9th Dist. App. No. 99CA007389, at 30-31. However, the court could not impose more than the minimum term of imprisonment permitted under R.C. 2929.14(A)(4) and (5) unless it found the factors of R.C. 2929.14(B) existed.
 {¶ 10} We find that the trial court properly sentenced appellant. A community control sanction was not a feasible sanction because appellant lived outside the court's jurisdiction. Following R.C. 2929.14(A), appellant was sentenced to the minimum term of imprisonment permitted for each count and the sentences were to be served concurrently. Appellant's first assignment of error is not well-taken.
 {¶ 11} In his second assignment of error, appellant argues that the trial court erred when it admitted into evidence a letter from appellant to his daughter wherein appellant threatened that he would not support her if she chose to live with her mother. The prosecution had failed to disclose the letter prior to trial stating that it had received the letter the morning of trial. Appellant argues that he should have at least received a copy of the letter before trial began and that it would have affected his decision not to testify at trial. Appellant argues that a continuance offered by the trial court would not have cured the prejudice.
 {¶ 12} Crim.R. 16(E)(3) provides that if a party does not comply with the discovery rules, "* * * the court may order such party to permit the discovery or inspection, grant a continuance or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 13} Generally, it is proper for the court to admit the item into evidence unless the record indicates that the failure to disclose was willful, the defendant would have benefited from knowledge of the item prior to trial, and admission of the item unfairly prejudiced the defense. State v. Parson (1983), 6 Ohio St.3d 442, syllabus, and Statev. Otte (1996), 74 Ohio St.3d 555, 563, 1996-Ohio-108, certiorari denied (1996), 519 U.S. 836.
 {¶ 14} First, the letter was written by appellant. He was, therefore, aware of its existence and could expect that it might be admitted at trial. Second, appellant's wife and daughter both testified that they recalled appellant's threat of non-support. Therefore, appellant was not unfairly prejudiced by the admission of the letter into evidence. Finally, while appellant objected to the admission of the letter at trial and requested a continuance to remedy the situation, he later rejected the court's offer to grant him a continuance. Therefore, appellant withdrew his objection. Evid.R. 103(A)(1) requires that error be predicated upon a specific objection at trial. Appellant does not assert on appeal that this alleged error rises to the level of plain error.
 {¶ 15} Therefore, we find that the trial court did not abuse its discretion in admitting the letter into evidence. Appellant's second assignment of error is not well-taken.
 {¶ 16} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
Knepper and Lanzinger, JJ., concur.