OPINION
{¶ 1} Defendant-appellant, Marlon A. Dave, appeals his conviction in Warren County Court of Common Pleas for felony assault. We affirm the judgment for the reasons outlined below.
 {¶ 2} Appellant, an inmate at the Lebanon Correctional Institution in Warren County, was involved in an altercation with Corrections Officer Ralph Fitzpatrick that resulted in injuries to Officer Fitzpatrick in April 2002. Appellant was charged with assault,[1] a felony of the fifth degree.
 {¶ 3} The record of this case indicates that on the Friday before the Monday trial date, appellant became aware of the existence of an inmate ("eyewitness") who had witnessed the altercation. Appellant's attorney interviewed the eyewitness at the institution on Saturday.
 {¶ 4} On the day of trial, appellant moved to dismiss the charge arguing that the state failed to provide discovery concerning this eyewitness. Appellant also moved, in the alternative, for a continuance to conduct further investigation. Specifically, appellant argued to the trial court that he needed to investigate the eyewitness' criminal history and verify that the eyewitness was in the position to view the altercation.
 {¶ 5} The trial court denied both motions, but ordered the state to provide appellant with the eyewitness' criminal record by midday. The trial court also ordered the state to facilitate at the conclusion of the first day of trial any further interviews or investigation needed by appellant's counsel at the institution. The trial court indicated that the state would not be permitted to use the eyewitness' statement that was disclosed to appellant the day of trial.
 {¶ 6} A jury found appellant guilty of felony assault. Appellant now appeals his conviction, setting forth the following assignment of error:
 {¶ 7} "The trial court erred to the prejudice of the appellant when it denied appellant's motion to continue and required him to proceed to trial without proper discovery and preparation, which denied him the right to a fair trial."
 {¶ 8} Appellant argues that the trial court erred in refusing to continue the trial as he was not adequately prepared for trial after the state failed to provide the name of the potentially exculpatory eyewitness and the witness was discovered only three days before trial.
 {¶ 9} Crim.R. 16(E)(3) provides various remedies in the event that a party fails to provide the discovery information required under the rule. The trial court may order a noncomplying party to permit "the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 10} The trial court is vested with a certain amount of discretion in determining the sanction to be imposed for a party's nondisclosure of discoverable material and the appellate court's inquiry is limited to a determination of whether the trial court's action constituted an abuse of discretion. Statev. Parsons (1983), 6 Ohio St.3d 442, 445.
 {¶ 11} To assist some courts in their review of whether the trial court abused its discretion in discovery matters, courts examine whether the prosecution's failure to disclose was a willful violation of Crim.R. 16, whether foreknowledge of the discovery would have benefited the accused in the preparation of his defense, and whether prejudice resulted for defendant. SeeParsons at syllabus (reviewed for abuse of discretion in admission of witness statement not provided in discovery); Statev. Galluzzo (Mar. 30, 2001), Champaign App. No. 99CA25.
 {¶ 12} In the case at bar, the trial court determined that appellant did not need a continuance to address the discovery issues concerning the eyewitness. The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge. State v. Unger (1981),67 Ohio St.2d 65, 67-68. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. Id.
 {¶ 13} The trial court, in considering a motion for continuance, should weigh against any potential prejudice to a defendant such concerns as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice. Id.
 {¶ 14} In evaluating a motion for a continuance, the trial court should note the length of the delay requested, whether other continuances have been requested and received, the inconvenience to litigants, witnesses, opposing counsel and trial court, whether the requested delay is for legitimate reasons or is dilatory or contrived, whether the defendant contributed to the circumstance giving rise to the request for a continuance, and other relevant factors that depend on the unique facts of each case. State v. Unger, 67 Ohio St.2d at 67-68.
 {¶ 15} After reviewing the record in this case, we find that the trial court did not abuse its discretion in its resolution of the discovery issues, including its decision to deny appellant's motion for a continuance.
 {¶ 16} Appellant has not shown that he was prejudiced by the decisions of the trial court. The trial court was aware that appellant's counsel interviewed the eyewitness prior to the trial date. The trial court ensured that appellant was able to both investigate additional issues involving the eyewitness and present that witness' testimony to the jury.
 {¶ 17} Accordingly, we find that the trial court did not err and appellant was not denied a fair trial in this matter. Appellant's assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Young, P.J., and Walsh, J., concur.
[1] Appellant was originally charged with another count of felony assault for a separate, but related incident with another corrections officer. The jury found appellant not guilty of that charge.