JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Christopher Marshall, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of five counts of burglary after a jury trial.
In October 2003, five Colerain Township homes were burglarized. In each case, the items stolen consisted of the contents of women's purses, including credit and debit cards.
Investigating officers testified that they had recovered a number of the stolen items from the residence that Marshall shared with his girlfriend. The state presented videotape of Marshall using the victims' credit cards while wearing clothing similar to the clothing that Marshall's girlfriend identified as his. Finally, the prosecution presented a taped statement in which Marshall denied breaking into the victims' homes but admitted helping another person commit the burglaries by driving him around the neighborhood.
In his first assignment of error, Marshall now argues that the trial court erred by failing to declare a mistrial after a prospective juror had seen Marshall in a courthouse hallway while handcuffed. The decision to grant a mistrial is committed to the sound discretion of the trial court and will not be reversed by a reviewing court absent a demonstration of an abuse of that discretion.[1]
In this case, there was no abuse of discretion. The trial court conducted a hearing on the matter, during which the prospective juror stated that he had only briefly seen Marshall in handcuffs and that the incident would have no bearing on his deliberations. Therefore, we cannot say that the trial court's denial of the motion for a mistrial was an abuse of discretion.[2]
In his second assignment of error, Marshall claims that he was denied the effective assistance of trial counsel. To demonstrate ineffective assistance of counsel, it must be shown that counsel's representation fell below an objective standard of reasonableness and that the accused was prejudiced by the deficient performance.[3]
Marshall's first claim of ineffective assistance concerns the failure to request a separation of witnesses. The purpose of a separation order is to prevent a witness from hearing the testimony of other witnesses and from tailoring his own testimony accordingly.[4]
Here, Marshall was not prejudiced by the lack of a separation order. There was no overlap in the witnesses' testimony such that a separation order was necessary, and Marshall has cited nothing in the record to indicate that any witness's testimony was tailored to conform to that of another witness.
Next, Marshall claims that trial counsel was ineffective for failing to object to leading questions posed by the state during its case-in-chief. Marshall does not identify any of the questions he finds objectionable and does not explain how he was prejudiced. We have reviewed the record and conclude that none of the state's questions was so egregious as to have deprived Marshall of a fair trial.
Marshall's third allegation of ineffective assistance is trial counsel's failure to request a polling of the jury. Again, Marshall has failed to explain how polling the jury would have changed the outcome of the trial, and our review of the record has yielded no evidence of prejudice.
Marshall's final allegation concerns trial counsel's decision not to remove the juror who had seen him handcuffed. But as we discussed under the first assignment of error, the juror who had observed Marshall in handcuffs stated that he could maintain his impartiality, and we cannot say that trial counsel was deficient in failing to seek his removal through a peremptory challenge. The second assignment of error is overruled.
In his third assignment of error, Marshall contends that the trial court erred by permitting Marshall's girlfriend to testify, because the state had not identified her as a witness prior to trial. The trial court has discretion to fashion the appropriate remedy when the state fails to disclose material that is subject to a valid discovery request.[5]
In the case at bar, the trial court did not abuse its discretion in permitting the witness to testify. The court permitted the state to call the girlfriend only after Marshall's counsel had been afforded an opportunity to prepare for cross-examination. This was a proper remedy for what was conceded to be an inadvertent omission on the part of the prosecutor. Accordingly, the third assignment of error is overruled.
In his fourth assignment of error, Marshall contends that the trial court erred in instructing the jury that he could be found guilty of complicity. The assignment fails because an accused may be found guilty of complicity even though the indictment charged him as a principal offender.[6] The fourth assignment of error is overruled.
In his fifth assignment of error, Marshall argues that the convictions were against the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[7]
The burglary statute, R.C. 2911.12(A)(2), provides that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."
In this case, the state presented evidence that someone had burglarized the victims' houses while the victims slept. The evidence indicated that Marshall had used the stolen property soon after the burglaries and that he had been discovered in possession of the property. That evidence, coupled with Marshall's own statement to the police about his involvement, fully justified the jury's finding of guilt. The fifth assignment of error is overruled.
In his sixth and final assignment of error, Marshall contends that the trial court erred by imposing consecutive sentences. To impose consecutive prison terms, the trial court must find that consecutive terms are necessary to protect the public or punish the offender, and that consecutive terms are not disproportionate to the offender's conduct or the danger the offender poses to the public,[8] and the court must also find one of the factors set forth in R.C. 2929.14(E)(4)(a) through (c). The court must also state its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c).
In the case at bar, the court made the requisite findings, concluding under R.C. 2929.14(E)(4)(c) that Marshall's criminal history demonstrated a need to protect the public from future crime. In stating its reasons for imposing consecutive sentences, the court noted that Marshall had served a prior prison term for burglary, that at least one of the victims in this case had suffered serious psychological harm, and that Marshall had shown no genuine remorse. Marshall's sixth assignment of error is overruled and the trial court's judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] State v. Brown, 100 Ohio St. 3d 51, 2003-Ohio-5059, 796 N.E.2d 506, at ¶ 42.
[2] See State v. Williams (Dec. 1, 1993), 1st Dist. No. C-920869.
[3] Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052.
[4] State v. Taylor, 1st Dist. No. C-020475, 2004-Ohio-1494, at ¶ 32, jurisdictional motion overruled, 103 Ohio St.3d 1406, 2004-Ohio-3980,812 N.E.2d 1289.
[5] State v. Parson (1983), 6 Ohio St.3d 442, 445, 453 N.E.2d 689.
[6] State v. Herring, 94 Ohio St.3d 246, 251, 2002-Ohio-796,762 N.E.2d 940.
[7] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[8] R.C. 2929.14(E)(4).