OPINION
{¶ 1} Appellant Erin Naome appeals her conviction on one count of failure to control a motor vehicle, after a bench trial in Mahoning County Court No. 4. Appellant argues that the conviction should be overturned due to the prosecutor's failure to properly respond to a number of requests for discovery prior to trial. There are no indications in the record that the state interfered or hindered the discovery process, and therefore, Appellant's conviction is affirmed.
 {¶ 2} On February 22, 2003, Appellant was traveling westbound on Interstate 76 in Mahoning County. Her car began skidding while she was on the highway bridge over Lake Milton. The car spun around and hit the guardrail on the left side of the westbound lanes. Trooper Michael Wilson was called to the scene and issued a citation to Appellant for failure to control, in violation of R.C. § 4511.202, a minor misdemeanor.
 {¶ 3} On March 6, 2003, Appellant was arraigned and waived her right to a speedy trial.
 {¶ 4} On June 2, 2003, Appellant filed a motion and request for a bill of particulars and a demand for discovery. The state did not file a response to either motion, and the court did not rule on the motions prior to trial.
 {¶ 5} The court held a bench trial on June 26, 2003. At the beginning of trial, Appellant's attorney requested that the case be dismissed due to the prosecutor's failure to respond to the requests for a bill of particulars and discovery. (Tr., p. 4.) The prosecutor commented on Appellant's demand for discovery by stating that, "[t]he documents that are in the file are in the file. It is not my duty or obligation to copy the records, give them to him, and make sure that they read them." (Tr., p. 4.) Appellant's counsel responded by stating: "If need be, Your Honor, let me address that at the point." The court overruled Appellant's motion to dismiss the case, and the trial commenced. Appellant's counsel did not bring up the discovery issue again.
 {¶ 6} On August 26, 2003, the court found Appellant guilty of failure to control, and fined her $25 plus court costs. Appellant filed this timely appeal on September 23, 2003.
 {¶ 7} Appellant's sole assignment of error states:
 {¶ 8} "The trial court erred in that it failed to act in accordance with Crim.R. 16(e)(3) upon being placed on notice that the state of ohio failed to comply with discovery thereby violating due process of law prejudicing defendant."
 {¶ 9} Traffic cases are generally governed by Ohio Traffic Rules, and not by the Rules of Criminal Procedure. It is clear, though, that Crim.R. 16 applies to traffic cases. See Traf.R. 11(B)(2)(b). Appellant argued at trial that the case should have been dismissed due to a violation of Crim.R. 16(E)(3), which states:
 {¶ 10} "(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 11} A trial court's response to a party's failure to provide discovery is reviewed for abuse of discretion:
 {¶ 12} "It is readily apparent that under [Crim.R. 16], the trial court is vested with a certain amount of discretion in determining the sanction to be imposed for a party's nondisclosure of discoverable material. The court is not bound to exclude such material at trial although it may do so at its option. Alternatively, the court may order the noncomplying party to disclose the material, grant a continuance in the case or make such other order as it deems just under the circumstances. Accordingly, our inquiry is limited to a determination of whether the trial court's action in this case constituted an abuse of discretion." State v. Parson (1983), 6 Ohio St.3d 442, 445, 453 N.E.2d 689.
 {¶ 13} Appellant argues that the trial court should have imposed the harshest sanction of all against Appellee, namely, a dismissal of the case. The Parson court discussed a number of factors that are relevant when a criminal defendant challenges the trial court's response to violations of Crim.R. 16: whether the violation was willful or merely negligent; whether the nondisclosed evidence would have helped the defendant; whether defendant requested a continuance in furtherance of obtaining discovery; whether the defendant had actual knowledge of the evidence that was requested in discovery; and whether the defendant was prejudiced by the discovery violation. Id.
 {¶ 14} It should first be noted that Appellant did not file a timely request for discovery. Crim.R. 16(F) requires a defendant to make his or her discovery request, "within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier, * * *." Appellant did not file her discovery request until three months after arraignment. The trial court would have been justified in not imposing any discovery sanctions simply on the basis of the untimely demand for discovery.
 {¶ 15} Second, Appellant's counsel appears to have abandoned his motion to dismiss during trial. Counsel orally moved that the case be dismissed due to discovery violations, but failed to explain to the court what the violation was or why dismissal would be appropriate. When the trial judge asked for further explanation, counsel said "let me address that at the point," and that was last time the issue was discussed. (Tr., p. 4.) If the court made any error in failing to impose the sanction of dismissal, it was induced by the actions of Appellant's counsel, who failed to present any cogent argument at trial. Under the doctrine of invited error, a party is not entitled to take advantage of an error that he himself invited or induced the trial court to make.State v. Bey (1999), 85 Ohio St.3d 487, 492-493, 709 N.E.2d 484.
 {¶ 16} Finally, there is no indication in the record that the prosecutor's failure to respond to Appellant's demand for discovery was a willful act to thwart the discovery process. At trial, the prosecutor indicated that it had an open discovery system, and that the case file was available to Appellant's counsel at any time. There was no indication that counsel ever attempted to see the file or was prevented from seeing the file. Appellant's counsel failed to rebut the prosecutor's explanation of its open discovery policy, and the trial court cannot be faulted for accepting the prosecutor's explanation and continuing with the trial.
 {¶ 17} Based on the reasons listed above, Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.