JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Demetrius Laird appeals his conviction on charges of drug trafficking, drug possession, having a weapon under disability, and possession of criminal tools. On appeal, he raises two assignments of error for review alleging prosecutorial misconduct and challenging the effectiveness of counsel. For the reasons stated below, we affirm the judgment of the trial court.
 {¶ 2} The history of the case reveals that in September 2006, the Cleveland police received complaints about possible drug activity at an apartment located at 1831 Alcoy Road, Cleveland. Detective Glover responded to the complaints and conducted a two-week undercover investigation of the activity around the apartment. Based upon his observations, Detective Glover arranged for a controlled drug purchase at the address using a confidential reliable informant ("CRI").
 {¶ 3} On October 11, 2006, Detective Glover swore out an affidavit based upon his investigation, observations, and the information relayed to him from the CRI and obtained a warrant to search the premises. The search warrant was executed later that evening. The police found Laird cutting up crack cocaine on a plate in the kitchen. A loaded firearm was found on the floor by his feet. The police also found a woman, Hazel Slay, in the bedroom with a crack pipe on her nightstand. The search of the apartment turned up crack cocaine, marijuana, a crack pipe with residue, the gun, and cash. Police arrested Laird and Slay. *Page 4 
 {¶ 4} Laird was indicted on December 4, 2006. On March 8, 2007, his counsel filed a joint motion to suppress evidence and to disclose the identity of the informant. In the motion, Laird asserted that suppression of the evidence was warranted because no probable cause existed for the search warrant and that when executing the warrant, the officers failed to knock and announce before entering the premises. Laird also argued that the state should provide the identity of the CRI as it was essential to his case. Finally, counsel for Laird reserved the right "to supplement, modify and/or correct" the motion on the grounds that although he had filed a discovery request on December 21, 2006, no paper discovery had been provided up to the time of filing the motion. The record reflects that the state filed its response to the discovery request on March 15, 2007.
 {¶ 5} The state filed its response to the motion to suppress on April 19, 2007, the day of the hearing on the motion. Both defendants were present at the hearing and participated through their respective counsel. The court heard testimony from Detective Glover and defendant Slay. Before cross-examining Detective Glover, Slay's counsel complained to the court that although she had been given a copy of the search warrant months earlier, she was not given a copy of the affidavit supporting the warrant until just before the hearing. At closing argument, she argued that the whole process was tainted because the defense attorney needed time to review and study the documents prior to hearing and she was not provided with a copy of the affidavit until the day of the hearing. Laird's attorney argued that there *Page 5 
was no probable cause for the warrant, challenged the reliance on the CRI, and asked the court to look at the discrepancies in the testimony. Following closing arguments, the trial court denied the motion.
 {¶ 6} On May 2, 2007, Laird entered no contest pleas to the indictment. The court found him guilty on all charges except the drug possession charge relating to the crack pipe, and sentenced him to two years incarceration.
 {¶ 7} Laird now raises two assignments of error for our review.
 {¶ 8} "I. THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS DUE TO PROSECUTORIAL MISCONDUCT AT TRIAL."
 {¶ 9} Laird asserts that he was denied a fair trial due to the prosecutor's misconduct in failing to provide a copy of Detective Glover's affidavit in support of the search warrant until the day of the suppression hearing. He contends the state deliberately withheld the affidavit and that the state's unfair "ambush tactics" violated his right to due process and a fair hearing. He argues that there were a great number of irregularities in the affidavit and that he might have been successful in his challenge had his trial counsel been provided with the affidavit in advance.
 {¶ 10} In State v. Joseph, 73 Ohio St.3d 450, 1995-Ohio-288, the Ohio Supreme Court set forth the standard for reviewing prosecutorial violations of the discovery rule stating: *Page 6 
 {¶ 11} "Prosecutorial violations of Crim. R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." Id. at 458, citing State v. Parson (1983), 6 Ohio St.3d 442, 445.
 {¶ 12} There is nothing in the record to support Laird's accusation that the state deliberately withheld the affidavit so as to ambush his defense. Laird's counsel did not complain that he had requested a copy of the affidavit but the state failed or refused to produce it, nor did he tell the court that he had not seen the affidavit prior to the hearing. The hearing transcript demonstrates that co-defendant Slay's counsel voiced the objection and told the court that she saw the affidavit for the first time that day. Notably, Laird's attorney did not join in that objection. He did not state that he had not seen the affidavit until that day.
 {¶ 13} The record also does not support Laird's assertions that his trial counsel was prevented from adequately preparing for the hearing because the state failed to provide him with a copy of Detective Glover's affidavit. In fact, in his motion to suppress filed more than a month prior to the hearing, Laird challenges the sufficiency of the affidavit supporting the search warrant. He makes specific references to averments contained within that affidavit. For example, after noting that the search warrant was obtained on October 11, 2006, Laird states: *Page 7 
 {¶ 14} "In his affidavit of the same date, he [Detective Glover] avers that he obtained information from a CRI during the same day, and that he organized a buy with this CRI. In the officer's affidavit, he refers to the informant as a CRI, which he is not."
 {¶ 15} Laird concludes his argument challenging the validity of the warrant by stating:
 {¶ 16} "Here, nothing found within the four corners of the affidavit showed a fair probability that crack cocaine would be found at the aforementioned address. Specifically, the averments were based upon information from a CRI, and ongoing surveillance was never conducted. Thus, the executing officers' belief that probable cause for the search warrant existed, was unreasonable in light of these circumstances."
 {¶ 17} It appears from the record that Laird had access to a copy of the search warrant and the supporting affidavit prior to the hearing. Therefore, even if Laird's allegation that the state deliberately withheld production of the affidavit until the date of hearing were true, Laird cannot satisfy the third part of the test inJoseph: that is, he cannot demonstrate that he suffered prejudice as a result of the state's failure to provide him with the affidavit. Therefore, Laird's first assignment of error is overruled.
 {¶ 18} "II. THE APPELLANT WAS DENIED HIS RIGHT UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE EFFECTIVE ASSISTANCE OF *Page 8 
COUNSEL WHEN DEFENSE COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S FAILURE TO PROVIDE DISCOVERY."
 {¶ 19} Laird asserts that his trial counsel's failure to object to the lack of production of the affidavit, failure to seek sanctions for the discovery violation, and willingness to go forward with the hearing unprepared, demonstrates a severely deficient performance by counsel.
 {¶ 20} We employ a two-part test for determining claims of ineffective assistance of counsel in criminal prosecutions. The defendant must first show that his attorney's performance "fell below an objective standard of reasonableness." The defendant must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See State v.Bradley (1989), 42 Ohio St.3d 136, at paragraphs two and three of the syllabus; Strickland v. Washington (1984), 466 U.S. 668. Both prongs of this test must be established in order to establish a claim of ineffective assistance of counsel. Bradley, 42 Ohio St.3d at 143;State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448.
 {¶ 21} Based upon our analysis of appellant's first assignment, we find no evidence in the record that Laird's trial counsel was unprepared for the hearing or that the alleged discovery violation prejudiced Laird's defense. Therefore, Laird has failed to satisfy the second prong of the test for ineffective assistance of counsel. Appellant's second assignment of error is overruled. *Page 9 
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 James J. Sweeney, A.J., and Colleen Conway Cooney, J., Concur *Page 1