OPINION
{¶ 1} Defendant-appellant Christopher L. Jones [hereinafter appellant] appeals his conviction and sentence from the Tuscarawas County Court of Common Pleas on one count of receiving stolen property, in violation of R.C. 2913.51(F5). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 7, 2001, appellant was indicted on two counts of receiving stolen property, in violation of R.C. 2913.51, felonies of the fifth degree. Count one concerned a Stihl chain saw. Count two concerned assorted power tools and a pellet gun. Subsequently, the indictment was amended to one count of receiving stolen property, in violation of R.C.2913.51, a felony of the fifth degree. The stolen property alleged to have been received by appellant in Count II of the Indictment was incorporated into Count I of the Indictment. The matter proceeded to a bench trial, conducted February 26, 2002. The following evidence was adduced at trial.
 {¶ 3} The home of Nathan Craven was broken into on or about June 21, 2001. A Stihl chain saw, assorted power tools, including two circular saws, and a pellet gun were stolen from Craven's home. Near the end of June, appellant, along with Timothy J. Cornell, were in the parking lot of Tiny's Tavern in Tuscarawas County. Appellant and Cornell sold a Stihl chain saw to Donnie Roberts for $50.00. The chain saw was later identified as the chain saw stolen from Craven's home. Appellant and Cornell also offered to sell other assorted power tools, including two circular saws, and a pellet gun.
 {¶ 4} Craven testified that the stolen Stihl chain saw was of professional grade and that the particular model was no longer manufactured. Craven testified that the replacement cost of equivalent models of chain saws were over $500.00. Craven also testified that he had purchased the chain saw for $500.00, used, and that the market value of the saw was still over $500.00.
 {¶ 5} By Judgment Entry filed March 21, 2002, the trial court found appellant guilty of one count of receiving stolen property. Appellant was sentenced to a six month term of imprisonment, reserved for imposition, and a two year period of supervised community control sanctions. Those sanctions included a 30 day sentence in the Tuscarawas County Jail and restitution. The sentence was stayed pending appeal.
 {¶ 6} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 7} "I. The court abused its discretion in allowing into evidence an alleged oral statement of the defendant not provided in discovery.
 {¶ 8} "(A) The court abused its discretion in not striking the statement since the defendant had no ability to investigate the veracity of the oral statement provided to defense the day of trial.
 {¶ 9} "II. There was insufficient evidence to convict the accused of receiving stolen property.
 {¶ 10} "III. The state did not prove beyond a reasonable doubt the item allegedly received was to be valued at more than $500.00.
 {¶ 11} "(A) The state used the wrong valuation to determine the proper value for the chainsaw [sic]."
 {¶ 12} (B) The use of the cost of a new chainsaw [sic] to replace a chainsaw [sic] that was bought used violates due process of law under the fourteenth amendment."
 I {¶ 13} In the first assignment of error, appellant claims that the State violated the criminal rules by failing to provide the defense with a written summary of one of appellant's oral statements made to a law enforcement officer. Appellant suggests that the trial court abused its discretion in failing to strike the statement. We disagree.
 {¶ 14} Criminal Rule 16(B)(1)(a) provides, in part:
 {¶ 15} "Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
 {¶ 16} ". . .
 {¶ 17} "(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer. . . ."
 {¶ 18} It appears from the record that the State violated Crim.R. 16(B)(1)(a)(ii) by failing to provide defense counsel with a written summary of one of appellant's oral statements. The testimony at trial establishes that appellant made two brief statements to two different law enforcement officers. First, Sergeant Campbell, of the Tuscarawas County Sheriff's Department, testified that when appellant was confronted with the allegations against him, appellant told him [Sergeant Campbell] that "he [appellant] had nothing to do with it." Later, Deputy Morrison, of the Tuscarawas Sheriff Department, testified that when appellant was questioned, appellant denied that he had any involvement and even denied that he was even there (referring to the sale at Tiny's Tavern). The State admits that the only statement supplied in discovery was the statement made to Deputy Morrison and that the statement made to Sergeant Campbell was not provided in discovery.[1] The State violated Crim.R. 16(B)(1)(a)(ii) when it failed to provide appellant with the statement given to Sergeant Campbell.
 {¶ 19} Having determined that the criminal rules were violated, we must now examine whether the trial court erred in allowing the non-disclosed statement to be admitted into evidence. Criminal Rule 16(E)(3) provides for the regulation of discovery and permits a trial court to exercise discretion in selecting the appropriate sanction for a discovery violation. See State v. Wiles (1991), 59 Ohio St.3d 71, 78,571 N.E.2d 97, 110; State v. Parson (1983), 6 Ohio St.3d 442, 445,453 N.E.2d 689, 691; and State v. Edwards (1976), 49 Ohio St.2d 31, 42,358 N.E.2d 1051, 1059, overruled on other grounds, State v. Edwards,438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155. Crim.R. 16(E)(3) provides that: "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." Ordinarily, a trial court must impose the least severe sanction for a discovery violation that is consistent with the purposes of the rules of discovery. City of Lakewood v. Papadelis (1987),32 Ohio St.3d 1, 511 N.E.2d 1138, syllabus.
 {¶ 20} The Ohio Supreme Court has provided the following applicable law:
 {¶ 21} "Where, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B)(1)(a)(ii) by informing the accused of an oral statement made by a [defendant or] co-defendant to a law enforcement officer, and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefitted the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted." Statev. Parson, supra, at the syllabus. The Supreme Court reiterated and applied this test in State v. Bidinost (1994), 71 Ohio St.3d 449,456-457, 644 N.E.2d 318.
 {¶ 22} Applying Parson and Bidinost to the case at bar, we find that the trial court did not abuse its discretion in permitting the statement to be admitted into evidence. First, we are not persuaded that the prosecutor willfully violated Crim.R. 16. The Prosecutor argues on appeal that there was confusion over whether appellant gave two statements or made a single, joint statement to both officers. The two statements are sufficiently similar that even the defense counsel was not aware that he had not received a summary of the statement given to Sergeant Campbell until after Sergeant Campbell finished his testimony and Deputy Morrison began to testify. This was despite the fact that it appears that the statement provided in discovery indicated it was the summary of a statement given by appellant to Deputy Morrison.
 {¶ 23} Second, while the defense was entitled to a written summary of the statement given to Sergeant Campbell, the record does not reflect that a written summary would have benefitted appellant in the preparation of his defense. Sergeant Campbell's testimony was that appellant "said he had nothing to do with it." Deputy Morrison testified that appellant denied any involvement and claimed that he was not even there. The statement given to Sergeant Campbell (not provided in discovery) is more limited than the statement given to Deputy Morrison (provided in discovery) and is cumulative to the statement given to Deputy Morrison. We do not see how foreknowledge of this statement would have benefitted appellant.
 {¶ 24} Third, appellant never requested a continuance to prepare for the testimony regarding the oral statement not provided in discovery. Under these circumstances, the trial court may have properly determined that appellant was prepared to proceed despite any claim of unfair "surprise." Further, the statement was cumulative to the statement appellant gave to Deputy Morrison which was provided in discovery. Thus, we find that no prejudice has been shown.
 {¶ 25} Accordingly, we find that the trial court did not abuse its discretion in failing to strike testimony regarding the statement not provided in discovery. Appellant's first assignment of error is overruled.
 II {¶ 26} In the second assignment of error, appellant argues that there was insufficient evidence to convict appellant of receiving stolen property. We disagree.
 {¶ 27} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, supra, at paragraph two of the syllabus.
 {¶ 28} In the case sub judice, appellant was convicted of one count of receiving stolen property, in violation of R.C. 2913.51. Revised Code 2913.51(A) states the following: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 29} Specifically, appellant argues that there was no evidence that appellant participated in the sale by acting in concert with Cornell or that appellant knew or should have known that the items were stolen. However, we find that there was sufficient evidence upon which to convict appellant.
 {¶ 30} Testimony showed that it was appellant, while accompanied by Cornell, that approached the purchaser, Donny Roberts, and asked if he was interested in purchasing a chain saw. Appellant pulled the chain saw out of the trunk to show to Roberts. Appellant even attempted to start the chain saw to prove to Roberts that the chain saw worked. When the purchaser offered to pay less than the asking price for the chain saw, appellant and Cornell conferred. There is sufficient evidence that appellant acted in concert with Cornell and actively participated in the sale of the chain saw.
 {¶ 31} The next issue raised is whether there was sufficient evidence that appellant knew or had reasonable cause to know that the items were stolen. Courts have established factors to be considered in determining whether a reasonable person could conclude that a defendant knew or had reason to know that property was stolen. Factors to be considered in determining whether reasonable minds could conclude whether a defendant knew or should have known property was stolen include: "(a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise. . . ." State v. Davis (1988), 49 Ohio App.3d 109, 112,550 N.E.2d 966 (citations omitted).
 {¶ 32} The items had been reported stolen on June 21, 2001. The sale occurred near the end of June, 2001. The sale took place out of the trunk of a car, in the parking lot of a bar. Appellant denied any involvement with the items or the sale in the parking lot, despite two witnesses that identified appellant as one of the two men involved. In addition, a $500.00 chain saw was sold for $50.00. We find that there was sufficient evidence that appellant knew or had reasonable cause to know that the items were stolen.
 {¶ 33} In conclusion, we find that the jury's verdict was supported by sufficient evidence. Appellant's second assignment of error is overruled.
 III {¶ 34} In the third and final assignment of error, appellant contends that the State failed to prove that the chain saw was valued at more than $500.00 because the State used the wrong valuation to determine the value. Appellant further argues that if the proper valuation of the chain saw was replacement value, then using the cost of a new chain saw as the cost to replace a chain saw which was purchased used, violates due process of law.
 {¶ 35} In order to convict appellant of receiving stolen property as a fifth degree felony, the jury had to find that the value of the stolen property received was $500.00 or more. R.C. 2913.51(C). Revised Code 2913.61(D) provides the following criteria to value stolen property.
 {¶ 36} "(1) The value of an heirloom, memento, collector's item, antique, museum piece, manuscript, document, record, or other thing that has intrinsic worth to its owner and that either is irreplaceable or is replaceable only on the expenditure of substantial time, effort, or money, is the amount that would compensate the owner for its loss.
 {¶ 37} "(2) The value of personal effects and household goods, and of materials, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or avocation of its owner, which property is not covered under division (D)(1) of this section and which retains substantial utility for its purpose regardless of its age or condition, is the cost of replacing the property with new property of like kind and quality.
 {¶ 38} "(3) The value of any real or personal property that is not covered under division (D)(1) or (2) of this section, and the value of services, is the fair market value of the property or services. As used in this section, "fair market value" is the money consideration that a buyer would give and a seller would accept for property or services, assuming that the buyer is willing to buy and the seller is willing to sell, that both are fully informed as to all facts material to the transaction, and that neither is under any compulsion to act."
 {¶ 39} Appellant argues that the State erroneously relied upon the replacement value of the chain saw. Appellant contends that the proper value of the chain saw was its fair market value. The State responds that the proper valuation is replacement value since the chain saw, power tools and pellet gun constitute household goods and/or items used in Craven's business and/or avocation. See R.C. 2913.61(2).
 {¶ 40} First, we note that appellant's argument is based solely on the value of the Stihl chain saw but the indictment included other power tools and a pellet gun. It is the total value of these items that should be considered, not just the value of the chain saw.[2] However, we find that there was sufficient evidence that the value of the chain saw alone was $500.00 or more, regardless of the method used to value the property.
 {¶ 41} Appellant contends that the chain saw's value was its fair market value. Apparently to counter an anticipated appeal on this issue, the Prosecutor asked Craven if the market value of the stolen chain saw was still over $500.00. Craven testified that it was. Thus, even if this court assumes arguendo that the chain saw should be valued at its fair market value, there was sufficient evidence that the value of the chain saw was over $500.00.
 {¶ 42} Appellant also contends that the use of the cost of a new chain saw to replace a chain saw that was purchased used violated due process. Appellant contends that the correct replacement value would be the cost to replace the chain saw with a used chain saw. This is just another way for the appellant to argue that the correct value of the chain saw is fair market value. We have already found that the testimony supported that the market value of the chain saw was over $500.00.
 {¶ 43} Appellant's third assignment of error is overruled.
 {¶ 44} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By Edwards, J., Farmer, P.J. and Boggins, J. concur In Re: Receiving Stolen Property/Abuse of discretion.
[1] The summary of a statement given by appellant to law enforcement which was purportedly provided by the State through discovery has not been made a part of the record. Therefore, this court has relied upon the description of the summary as provided by the parties at the time of trial.
[2] Craven testified that other items were stolen and provided testimony to their value, as follows: a drill which was stolen was of sentimental value and had a replacement value of $70.00; two circular saws were stolen with a replacement value of $150.00; a stolen pellet gun was worth $50.00; a grinder was stolen and had a replacement value of $70.00; stolen air cut off tools had a replacement value of $100.00 or under and a stolen mitre saw had a replacement value of $150.00. Testimony showed that, in addition to the chain saw, witnesses saw two circular saws, a drill, a pellet gun and "other stuff" in the trunk of the car.