OPINION
{¶ 1} The State of Ohio appeals the decision of the Jefferson County Common Pleas Court which excluded two laboratory reports and the testimony of two experts concerning these reports due to discovery violations in the criminal case against defendant-appellee Charles Brooks, Jr. The state contends that the trial court abused its discretion in suppressing this evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On December 22, 2003, police executed a search warrant after completing a controlled drug buy at a house in Steubenville, Ohio. They arrested the defendant and his girlfriend. The defendant was not indicted until February 4, 2004. He was charged with four counts: possession of cocaine and possession of crack cocaine, both under the bulk amount and both fifth degree felonies in violation of R.C. 2925.11(A) and (C)(4); permitting felony drug abuse, a first degree misdemeanor in violation of R.C. 2925.15(A); and possession of drug paraphernalia, a second degree misdemeanor in violation of R.C.2925.14(C)(1).
 {¶ 3} The defendant was arraigned, and counsel was appointed on February 11, 2004. The court placed three orders on the record on February 25, 2004. First, the court set the trial date for March 18, 2004. Another order was entitled a "Witness and Exhibit List Order," and it provided a deadline for disclosure of all witness and exhibit lists. The order advised that witnesses or exhibits that could or should have been known prior to the deadline through reasonable diligence shall not be entitled to the extension allowed for subsequent discovery and warned that most witnesses and exhibits not disclosed by the deadline will likely be excluded. The third February 25, 2004 order stated in pertinent part:
 {¶ 4} "All materials discoverable or subject to disclosure under Rule 16 of the Ohio Rules of Criminal Procedure [are] ORDERED to be provided by the state and defendant. * * * All parties are required to timely provide and supplement discovery, including any written reports obtained. Failure of any party to provide discovery as ordered may result in any evidence not being disclosed not being admitted into evidence and witness precluded from testifying with respect to information with respect thereto."
 {¶ 5} Notwithstanding the aforementioned order of the trial court the defendant filed a request for discovery on March 2, 2004. The state answered the request on March 4, 2004. This answer provided an evidence list, which disclosed the existence of January 29, 2003 and February 3, 2003 laboratory reports. The reports were actually generated in 2004, not 2003. Either way, the reports were not attached to the answer; although, all other discoverable material was attached. The answer also disclosed two forensic scientists from BCII as witnesses, Barbara J. DiPietro and Laura M. Risdon.
 {¶ 6} On March 11, 2004, the defendant filed a motion to compel disclosure of the laboratory reports and a motion to compel a bill of particulars. A hearing on the motions was conducted on March 15, 2004. At the hearing, defense counsel stated that he could not prepare a defense until he knew what the laboratory reports contained. He also noted the possibility that he would seek an independent analysis. (Tr. 5).
 {¶ 7} The assistant prosecutor claimed that he just received the reports one week earlier and that he was out of town for the past week so he did not have a chance to file the reports. (Tr. 6-8). The court asked how the state's March 4 answer could list the reports and their dates if they had not yet been received. (Tr. 7). When the assistant prosecutor argued that the defendant did not file his request for discovery until March 2, the court pointed to the first sentence in its February 25, 2004 discovery order ordering the parties to engage in discovery and stated:
 {¶ 8} "I've pointed this out to the prosecutor's office before * * * When that order is put on, you don't have to wait for the Defendant to request the discovery. You've already been — the prosecutor's office has already been ordered to provide that." (Tr. 10-11).
 {¶ 9} The court ordered the state to provide the lab reports as soon as possible and took the request to exclude the reports under advisement. (Tr. 11). The court noted that the defendant was not required to waive his speedy trial rights by asking for a continuance due to the state's late disclosure of the laboratory reports and the bill of particulars. (Tr. 11-12). Thus, the court maintained the March 18, 2004 trial date.
 {¶ 10} The state filed supplemental discovery on March 16, 2004. Attached were the two laboratory reports. The January 29, 2004 report noted the presence of .21 grams of cocaine in a bag containing an off-white substance. The February 3, 2004 report noted the presence of .06 grams of cocaine in a bag containing an off-white substance and 3.32 grams of cocaine in a bag containing powder. The state's supplemental discovery listed Barbara J. DiPietro and Brooklyn A. Riordan as witnesses from BCII. Thus, the state's prior forensic scientist witness disclosure of Laura M. Risdon was changed to Brooklyn A. Riordan.
 {¶ 11} On May 17, 2004, in accordance with R.C. 2925.51, the defendant filed a demand for the testimony of the persons signing the reports, that is, DiPietro and Riordan. That same day, the defendant also filed a motion to dismiss or to preclude the use of the laboratory reports at trial. The defendant noted that he has been in jail since his arrest on December 22, 2003, that the state opposed release on his own recognizance for two misdemeanors and two felonies of the lowest degree, that the state delayed indicting him until February 4, 2004, and that the state did not provide the most important part of the discovery (the laboratory reports showing the presence of controlled substances) until two days before the scheduled trial. The defendant argued that the reports were crucial evidence and were not disclosed in time for him to adequately prepare for trial.
 {¶ 12} The defendant's motion also noted that the assistant prosecutor claimed that he did not receive the reports until a week before the March 15 hearing but (1) he listed the reports and their dates in his March 4 answer to discovery, and (2) he still had not handed over the reports before or at the March 15 hearing. The motion pointed out that regardless of the defendant's March 2 discovery request, the court had already filed its February 25, 2004 discovery orders. The defendant noted that the deadline for submitting a witness list and exhibit list was violated. The defendant also argued that this behavior was not an isolated incident but a pattern at the prosecutor's office.
 {¶ 13} A hearing was held on the motion on March 18, 2004, the day of the scheduled trial. A detective testified that the reports were probably delivered to the prosecutor's office around February 15, 2004. (Tr. 8-9). He stated that his office did not keep records on delivery dates. The assistant prosecutor claimed that he received the reports on March 6 but that he had to clear up an ambiguity with the police before he made them public. The court noted that the state's discovery answer was filed on March 4 and that it mentioned the reports. The assistant prosecutor later stated that preliminary copies of the reports may have been faxed to him earlier; yet, he had no faxed copies in his file. (Tr. 12). Upon further questioning, the assistant prosecutor stated that he did not recall when he received the reports even though at the March 15 hearing he insisted that he received them one week before.
 {¶ 14} After the hearing, the state filed a memorandum in opposition to the defendant's motion. First, the state argued that under Crim.R. 16(A), only the defendant's request for discovery triggered its duties to disclose evidence, not the court's February 24, 2004 order. The state noted that it filed discovery a mere two days after the defendant's request and that it at least disclosed the existence of the reports evidencing that it was not hiding evidence. The state also argued that the defendant failed to show how the late disclosures harmed his ability to prepare for trial.
 {¶ 15} The county prosecutor himself then filed a supplemental memorandum in opposition to the defendant's motion. He argued oversight on the part of the assistant prosecutor. He also mentioned some type of prosecutor's log records, which established the date the reports were received, even though no mention was made at the March 18 hearing when the police officer and the assistant prosecutor were being asked to come up with a date. The prosecutor tried to help the state by arguing that the first report was received along with thirteen others and that the second report was received along with seven others and that this excused the assistant prosecutor's negligence. However, this memorandum actually just further reinforced the defendant's argument because it established that according to the prosecutor's log records, the January 29, 2004 report was received on February 6, 2004 and the February 3, 2004 report was received February 26, 2004.
 {¶ 16} The defendant filed a reply and added a motion to dismiss for prosecutorial misconduct. The defendant reiterated his previous arguments and noted the prior misstatement of crucial dates and the failure to mention log records. The state responded to this motion on March 23, and the defendant replied the next day.
 {¶ 17} On March 25, 2004, the trial court granted the defendant's motion to exclude evidence and overruled his motion to dismiss the case. Specifically, the court excluded the January 29, 2004 laboratory report and forensic scientist Brooklyn Riordan's testimony relating to this report and the February 3, 2004 report and forensic scientist Barbara DiPietro's testimony relating to this report "as the same [were] not provided to the defendant in accordance with the court's discovery order." The state filed timely notice of appeal and certification under Crim.R. 12(K).
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 18} The state sets forth two assignments of error, the first of which provides:
 {¶ 19} "The trial court erred by abusing its discretion when it suppressed evidence based solely on its discovery order that exceeded the scope of crim.r. 16."
 {¶ 20} First, the defendant argues that the appropriate way to make this argument would have been an interlocutory appeal from the discovery order, not an appeal from an order finding a discovery violation. However, the state notes that it was not aware of the court's interpretation of the discovery order until it was later enforced.
 {¶ 21} Under this assignment, the state argues that the court based its decision solely on its February 25, 2004 discovery order. The state concludes that this discovery order exceeded the scope of Crim.R. 16, which requires the defendant to request discovery in writing in order to trigger the state's duty to make disclosures.
 {¶ 22} As the defendant points out, he did file a writtenrequest for discovery (on March 2). Thus, regardless of whether a court's discovery order can trigger the state's duty to provide discovery, in this case, the state's duty was triggered by the defendant's request anyway.
 {¶ 23} Crim.R. 16(E) provides in pertinent part:
 {¶ 24} "(2) Time, place and manner of discovery and inspection. An order of the court granting relief under this rule shall specify the time, place and manner of making the discovery and inspection permitted, and may prescribe such terms and conditions as are just.
 {¶ 25} "(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 26} The court is granted broad discretion in regulating discovery. State ex rel. Daggett v. Gessaman (1973),34 Ohio St.3d 55, 58. As stated in Crim.R. 16, the court is permitted to make discovery deadlines and to specify the manner of discovery. Crim.R. 16(E).
 {¶ 27} The state's argument that the judgment appealed relied solely on the court's belief that its order triggered a duty to engage in discovery is not persuasive. Rather, one could easily construe the court's decision to exclude evidence because "the same was not provided to the defendant in accordance with the court's discovery order" as meaning that the state failed tocomply with the deadlines imposed, not that the state violated a general duty to provide discovery upon the court's order even without a defendant's request.
 {¶ 28} On the topic of deadlines, the state provided some discovery on March 4. However, the state failed to provide the laboratory reports or the name of one of the forensic scientists until March 15 by fax (and March 16 by filing) and only then after a hearing on a motion to compel. One of the court's discovery orders provided that all witness and exhibit lists shall be disclosed, filed, and served no later than two weeks from the date of the order (which would be March 10) or one week from the date of the first valid request for discovery (which would be March 9) or two full weeks before trial (which would be March 4), whichever occurs last (which would be March 10). The court's discovery order actually gave the state one day more than the defendant's request did.
 {¶ 29} Moreover, contrary to the state's argument, the fact that Crim.R 16 speaks of the defendant filing a written request does not mean that the trial court cannot file a written order mandating discovery without the need for the defendant's written request. Upon the defendant's written request, the court's obligation to enter an order is mandatory, but this does not suggest that the court cannot choose to sua sponte enter an order before its mandatory duty arises. As aforementioned in addressing the deadlines, the court is granted discretion to regulatediscovery and specify the manner thereof. State ex rel. Daggettv. Gessaman (1973), 34 Ohio St.3d 55, 58; Crim.R. 16(E). This sufficiently encompasses the trial court's order sua sponte initiating the discovery obligations herein. Regardless, as previously analyzed, the defendant herein filed his own request for discovery. Thus, the state's argument is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 30} The state's second assignment of error contends:
 {¶ 31} "The trial court erred by abusing its discretion when it suppressed evidence without appellee showing or the court finding that: 1) appellant willful [sic] violated crim.r. 16; 2) foreknowledge of the evidence would have benefitted appellant in preparing for trial; or 3) appellee was prejudiced."
 {¶ 32} The state argues that, assuming arguendo, the court's February 25, 2004 discovery order did not violate the scope of Crim.R. 16, the test for excluding evidence was not met in this case, citing State v. Parson (1983), 6 Ohio St.3d 442, which states:
 {¶ 33} "Where, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B)(1)(a)(ii) by informing the accused of an oral statement made by a co-defendant to a law enforcement officer, and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted." Id. at syllabus.
 {¶ 34} In applying the rationale of Parson to this case, the state first contends that the discovery violation was not willful but was just a negligent omission. Considering all of the facts and circumstances that existed in this case, the trial court could find that the state's failure to produce the reports was more than a negligent omission. See Parson,6 Ohio St.3d at 445 (which stated in the body of the opinion, "there is nothing in the record below to indicate that the state's failure to disclose was a willful violation of Crim.R. 16 or anything other than a negligent omission"). In fact, it is clear that the failure to produce the reports was willful, at least after the March 11 motion to compel was filed. As aforementioned, the assistant prosecutor showed up at the March 15 hearing without producing the reports for defendant; it was only after the hearing that he produced them.
 {¶ 35} The state also concludes that foreknowledge of the contents of the reports would not have helped the defendant prepare his defense and that he was not prejudiced. First, one could ask how a defendant can prepare to defend a drug possession case if he does not know what the laboratory reports state. For instance, counsel would want to know the answers to the following questions to prepare for trial: what kind of drugs were discovered, did any of the substances test negative for drugs, what was the amount of drugs found in each place, was any amount so small that it was just residue on the paraphernalia, do any of the reports deal with fingerprints on the paraphernalia or bags, and who are the scientists that will have to be cross-examined? Thus, the trial court could also find the second and third factors as existing in this case.
 {¶ 36} Regardless, when listing the factors that can be considered in determining whether the trial court could properly admit evidence, the Supreme Court separated the three factors by commas and used the word "or" before the last factor. SeeParson, 6 Ohio St.3d at syllabus. Under common rules of grammar and interpretation, the comma separating the first and second factors in the series of three indicates "or" because that is the word used before the final factor in the series. Thus, a finding under any one factor would negate the necessity to continue analysis of the other factors. As such, our finding that the trial court did not abuse its discretion regarding the first factor, that the violation was more than a negligent omission, could end the analysis. See Id. Alternatively, our finding that the trial court did not abuse its discretion in finding the existence of the second or even the third factor could end the analysis.
 {¶ 37} Furthermore, as the defendant notes, Parson reviewed a case to determine whether the court abused its discretion inadmitting evidence in favor of the state. Here, the courtexcluded the evidence in favor of the defendant. Although the purpose of discovery exclusions is not to punish the state or society but is to maintain a fair trial, the defendant has constitutional due process rights not possessed by the state.
 {¶ 38} The trial court has discretion to determine that certain prosecutorial discovery violations have eroded the likelihood of a fair trial. The prosecution herein fails to realize that under the abuse of discretion standard, it is possible that regardless of whether the trial court admits or excludes evidence in two cases with identical facts and circumstances, this court could affirm both cases in deference to the trial court's discretion.
 {¶ 39} The state also notes that defendant did not file for a continuance. However, he cannot be compelled to waive his speedy trial rights due to a state omission. The state further complains that although defense counsel claimed to be unprepared for trial due to the lack of reports at the March 15 hearing, defense counsel then stated that he was prepared for trial at the March 18 hearing. However, this statement was only made because the court was taking the motion to exclude evidence under advisement and counsel would not agree to a continuance for fear of waiving the defendant's speedy trial rights.
 {¶ 40} Finally, we point out that just prior to making its observations on the three factors that existed in that case, theParson court quoted Crim.R. 16(E)(3) and stated:
 {¶ 41} "Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, orprohibit the party from introducing in evidence the material notdisclosed, or it may make such other order as it deems just under the circumstances.
 {¶ 42} "It is readily apparent that under this rule, the trial court is vested with a certain amount of discretion in determining the sanction to be imposed for a party's nondisclosure of discoverable material. The court is not bound to exclude such material at trial although it may do so at itsoption. Alternatively, the court may order the noncomplying party to disclose the material, grant a continuance in the case or make such other order as it deems just under the circumstances. Accordingly, our inquiry is limited to a determination of whether the trial court's action in this case constituted an abuse of discretion. State v. Weind (1977),50 Ohio St.2d 224, 235 N.E.2d 224; State v. Edwards (1976),49 Ohio St.2d 31, 42, 358 N.E.2d 1051." Parson,6 Ohio St.3d at 445. (Emphasis added).
 {¶ 43} The Supreme Court thus stated that the trial court may exclude evidence without applying the test for admission of non-disclosed evidence. Either way, the state's argument lacks merit, and this assignment of error is overruled. Thus, the trial court's discretionary discovery decision excluding the reports and the scientists' testimony thereon is affirmed.
 {¶ 44} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs.